COHEN, J.
We review whether the trial court exceeded this court’s mandate issued in Robinson v. Weiland, 936 So.2d 777 (Fla. 5th DCA 2006). Because the trial court’s actions on remand exceeded our mandate, we reverse and remand for a new trial.
The facts of the underlying dispute were set out in the earlier opinion. In short, the dispute began as an interpleader action filed by two annuity companies seeking a determination of entitlement to the proceeds of two annuities purchased by the decedent, John S. Cetrano. The decedent’s sister, Ramona Robinson, claimed 100 percent of the proceeds, while the decedent’s female friend, Michael Weiland, and the decedent’s son, John M. Cetrano, claimed 40 percent and 60 percent, respectively, based upon change of beneficiary forms allegedly executed by John S. Cetra-no. Robinson claimed that the forms were not executed by the decedent or, in the alternative, were the product of Weiland’s undue influence.
The earlier appeal, and to some extent this appeal, centered around allegations that Weiland committed fraud by intentionally concealing the whereabouts and other significant facts about Sally Adams, a witness to the events in question. Wei-land responded “unknown” to specific interrogatories requesting Adams’ current or previous address and telephone numbers. It was not until trial that Weiland acknowledged, for the first time, that Ms. Adams had been her roommate during the critical time frame. Utilizing that new information after the trial, but before judgment was entered, Robinson was able to locate Adams and filed a motion to reopen the trial based upon newly discovered evidence of Weiland’s fraud. This court reversed the denial of that motion in the initial appeal.
In reversing the judgment of the lower court, this court declared, “Should the trial court determine that fraud occurred, as Robinson alleged, we believe that a new trial would be warranted.” Robinson, 936 So.2d at 782. This was consistent with our earlier direction to the lower court that, given the allegations of fraud, “an eviden-tiary hearing was essential for the trial court to properly .determine whether to grant the request to present the testimony of Adams.” Id. at 781. Thus, this court’s mandate directed the lower court to determine whether Weiland had fraudulently concealed Adams’ identity and facts relating to the execution of the change of beneficiary forms, as Robinson, alleged, and, if so, to award a new trial.
At the outset, we recognize the difficult position of the lower court judge, a distinguished- jurist. As the successor judge, he did not experience the full flavor of the original trial. As described in this court’s earlier opinion, the trial was replete with conflicting and self-serving testimony. However, on remand, the trial court found that there was no fraud perpetrated on the court, weighed Adams’ credibility, and effectively reevaluated the merits of the entire case without a new trial. Because we conclude that Adams’ testimony, as well as Weiland’s own affidavit filed in response to the motion for new trial, support Robinson’s allegations that Weiland- concealed Adams’ identity to hamper the presentation of Robinson’s claim,[1] the mandate necessitates a new trial.
*1112 Several instances demonstrate Weiland’s repeated concealment of Adams’ whereabouts and involvement. Adams had multiple contacts with the elder Cetrano. Weiland identified Nancy Rotti and Florence McGrath as individuals who visited Cetrano during the last few months of his life, but failed to name Adams, who testified that she visited Cetrano with Weiland two or. three times a week during the several weeks he was hospitalized. Wei-land’s interrogatories exclude any mention of Adams’ involvement despite the fact that Adams helped pack and move Cetra-no’s belongings into storage, Adams’ knowledge of the contents of Cetrano’s safe-deposit box and lockbox, as well as details concerning her delivery of his jewelry to the son’s hotel. Weiland covered up not only knowledge of Adams’ previous address, but also every facet of Adams’ significant involvement in Cetrano’s affairs, including facts surrounding the execution of the change of beneficiary forms.
This pattern of deception, in and of itself, is sufficient evidence of Weiland’s fraudulent intent. If there was any doubt, the court need look no further than Wei-land’s affidavit filed in response to Adams’ allegations. Weiland denied Adams’ allegations, stating that Adams was hostile towards her because she accused Adams of a $2000 theft, filed a police report alleging Adams stole her jewelry, and had the police remove Adams’ personal property from her residence.
■ Weiland’s attorney withdx-ew before the remand- proceeding, and Weiland did not appear. Thus, the trial court had no contrary explanation other than the plain meaning of Weiland’s own words. The evidence clearly showed that Weiland made a conscious decision not to reveal Adams’ identity throughout the course of the litigation; only a slip of the tongue during trial prevented her from succeeding.
A trial court is without authority to alter or evade the mandate of an appellate court absent permission to do so. Donoff v. Donoff 33 Fla. L. Weekly D798, D799 (Fla. 4th DCA March 19, 2008), citing Blackhawk Heating & Plumbing Co. v. Data Lease Fin. Corp., 328 So.2d 825, 827 (Fla.1975). In Donoff, the Fourth District’s mandate directed the trial court to redetermine the former wife’s need for alimony. After making these findings, it amended the final judgment to also make the award retroactive, an issue which had not been included in the directions on remand, even though it had been an issue on appeal. The Fourth District reversed the amended final judgment to the extent it ordered repayment of retroactive alimony.
The trial court lacks the discretionary power to go beyond the scope of relief granted by the appellate court. Akins v. Akins, 839 So.2d 910, 911 (Fla. 5th DCA 2003). Once the case is decided on appeal, the circuit court is bound by the decree as the law of the case and is required to perform the purely ministerial act of implementing the mandate. Peterson v. Peterson, 882 So.2d 528, 530 (Fla. 4th DCA 2004).
In this case, the mandate required the trial court to conduct an evidentiary hearing to determine only whether Weiland had committed a fraud on the court, as Robinson alleged, and, if so, to conduct a new trial. Because the evidence clearly *1113 supported an allegation of fraud, the trial court must conduct a new trial.
Pretrial discovery is not intended as a game. Many trial judges throughout this state have bemoaned the tactics of the minority of lawyers and parties that abuse the discovery process. See The Fla. Bar v. Miller, 863 So.2d 231 (Fla.2003) (ordering one-year suspension of attorney who deliberately concealed his knowledge of client’s receipt of EEOC’s right-to-sue letter); The Fla. Bar v. Rood, 569 So.2d 750 (Fla.1990) (concealing expert’s memorandum and causing clients to sign false answers under oath warranted attorney’s one-year suspension); Mercer v. Raine, 443 So.2d 944, 946 (Fla.1983) (affirming sanctions of striking defendant’s answer and entering default judgment for discovery violations when defendant “knew what was going on” and had “total disregard for the consequences” of pending action); Channel Components, Inc. v. Am. II Elec., Inc., 915 So.2d 1278, 1284-85 (Fla. 2d DCA 2005) (affirming fine of $2500 per day, not to exceed 30 days, against former employees who failed to comply with several discovery deadlines in action brought by former employer for alleged violations of non-compete agreement and cases cited therein concerning discovery sanctions). As this court has stated:
The integrity of the civil litigation process depends on truthful disclosure of facts. A system that depends on an adversary’s ability to uncover falsehoods is doomed to failure, which is why this kind of conduct must be discouraged in the strongest possible way.
Cox, 706 So.2d at 47. There can be no question that Weiland engaged in just such conduct. That conduct cannot and should not be tolerated.
The remand was clear. Should the trial court determine that fraud occurred as Robinson alleged, a new trial would be warranted. Fraudulent concealment of Adams’ knowledge and whereabouts was clearly shown, and any contrary conclusion is not supported by the evidence.
Accordingly, we REVERSE and REMAND for a NEW TRIAL.
PALMER, C.J. and SAWAYA, J., concurs.

. Fraud on the court occurs where "it can be demonstrated, clearly and convincingly, that *1112 a party has sentiently set in motion some unconscionable scheme calculated to interfere with the judicial system's ability impartially to adjudicate a matter by improperly influencing the trier of fact or unfairly hampering the presentation of the opposing party’s claim or defense.” Cox v. Burke, 706 So.2d 43, 46 (Fla. 5th DCA 1998).