COPE, J.
 

 This is an appeal of an order compelling appraisal. We affirm.
 

 Plaintiff-appellee Jean Marc Fleurimond is the named insured on a homeowners insurance policy issued by First Home Insurance Company. By the terms of the policy his wife Marie Fleurimond is also an insured.
 

 The home sustained damage during Hurricane Wilma in 2005. The insured submitted a claim. The insurer inspected the home and paid slightly under $12,000, an amount the insured deemed inadequate to repair the damage. Although the timing is not entirely clear, at some point part of the roof collapsed, causing flooding in the interior of the home. The insured retained a public adjuster who submitted an additional claim.
 

 The insurer made a written request for the insured and his wife to appear for an Examination Under Oath (EUO). The insured and his wife appeared without counsel at the specified time and place. The insured had asked his public adjuster to appear with him at the EUO, but the public adjuster failed to appear. According to the insured, during the examination the examiner badgered him and yelled at him. After answering the examiner’s questions in English, the examiner stated that he thought there was a language problem and asked an interpreter to join them. The examiner repeated all of the same questions which were translated into Creole. After answering the second series of questions, the insured and his wife left during a break and did not reappear.
 

 Thereafter the insured retained counsel. Counsel contacted the insurer and offered to resume the EUO. The insurer replied that it was too late and refused the offer.
 

 The insured filed suit under the policy and demanded appraisal. The insurer opposed the appraisal demand, saying that the insured had breached his policy obligations. The trial court conducted an ev-identiary hearing at which the insured testified. As already stated, the insured testified that he had been berated and yelled at, and subjected to two examinations, one in English and the other in
 
 *174
 
 Creole. The insured’s counsel also testified that he made the offer to the insurer for resumption of the EUO, and that the insurer refused the offer. The EUO had been transcribed and was before the trial court. Counsel who had conducted the EUO appeared as counsel for the insurer.
 
 *
 
 The trial court entered an order compelling appraisal. This appeal followed.
 

 The insurance policy in this case provides, in part:
 

 2. Your Duties After Loss. In case of a loss to covered property, you must see that the following are done:
 

 [[Image here]]
 

 f. As often as we reasonably require:
 

 [[Image here]]
 

 (3) Submit to examination under oath, while not in the presence of any other “insured,” and sign the same[.]
 

 The policy also states, “No action can be brought unless the policy provisions have been complied with.... ”
 

 The insurer maintains that the insured and his wife failed to submit to a complete EUO, thus breaching their policy obligations. The insurer also maintains that since there was no complete EUO by the insured and his wife, it follows that the insured could not file suit under the policy.
 

 We have held that “the insured must meet all of the policy’s post-loss obligations before appraisal may be compelled.”
 
 U.S. Fid. & Guar. Co. v. Romay,
 
 744 So.2d 467, 468 (Fla. 3d DCA 1999) (en banc). This includes the obligation to submit to an EUO.
 
 Id.
 
 at 469. Our court has said, “ ‘[T]he failure to submit to an examination under oath is a material breach of the policy which will relieve the insurer of its liability to pay.’ ”
 
 Stringer v. Fireman’s Fund Ins. Co.,
 
 622 So.2d 145, 146 (Fla. 3d DCA 1993). The insurer argues that, at a minimum, the lawsuit must be dismissed and appraisal must be denied.
 

 We agree with the trial court in rejecting the insurer’s arguments. First, the insured and his wife appeared for the EUO at the designated time and place. The substantial issue before the trial court was whether the insured and his wife were justified in leaving the EUO. The insured testified that he was badgered and yelled at, and that he was required to answer the identical series of questions twice, once in English and once in Creole.
 

 After the insured’s exit from the EUO, he obtained counsel who offered to present the insured and his wife for a resumption of the EUO. This was before the insured filed suit against the insurer. The insurer refused the offer. It was not until after the insurer refused the offer that the insured filed suit. On these facts we entirely agree with the trial court that the lawsuit was not premature, and appraisal was properly ordered.
 

 The insurer also contends that the insured failed to file a timely sworn proof of loss. That argument is without merit. The insurance policy requires the filing of a sworn proof of loss within sixty days after the insurance company requests it. The insurer never requested a sworn proof of loss prior to suit being filed.
 

 Affirmed.
 

 *
 

 Appellate counsel for the insurer was not trial counsel below.