WELLS, Judge.
Citizens Property Insurance Corporation appeals from an order summarily compelling appraisal over its objection that the insured, Mango Hill Condominium Association 12, Inc., failed to comply with the post-loss provisions of the insurance policy issued by Citizens. We reverse and remand for an evidentiary hearing on the issue of post-loss compliance.
Mango Hill is the insured under a policy of insurance issued by Citizens, which, in pertinent part, provides:
E. Loss Conditions
The following conditions apply in addition to the Common Policy Conditions.
[[Image here]]
2. Appraisal
If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. Each party will:
a. Pay its chosen appraiser; and
b. Bear the other expenses of the appraisal and umpire equally.
If there is an appraisal, we will still retain our right to deny the claim.
3. Duties in The Event of Loss or Damage
a. You must see that the following are done in the event of loss or damage to Covered Property:
(1) Notify the police if a law may have been broken.
*580 (2) Give us prompt notice of the loss or damage. Include a description of the property involved.
(3) As soon as possible, give us a description of how, when and where the loss or damage occurred.
(4) Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.
(5) At our request, give us complete inventories of the damaged and undamaged property. Include quantities, costs, values and amount of loss claimed.
(6) As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.
Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.
(7) Send us a signed, sworn proof of loss containing the information we request to investigate the claim. You must do this within 60 days after our request. We will supply you with the necessary forms.
(8) Cooperate with us in the investigation or settlement of the claim.
b. We may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim, including an insured’s books and records. In the event of an examination, an insured’s answers must be signed.
In October of 2005, Mango Hill made a claim to Citizens to recover for damages sustained to its condominium buildings during Hurricane Wilma. Citizens investigated the claim and issued a number of checks to Mango Hill for repairs after determining that the damages claimed were covered under its policy.
Mango Hill subsequently retained a public adjuster and demanded additional funds for repairs. Unsatisfied with Citizens’ response, Mango Hill demanded appraisal, supporting that demand with a sworn proof of loss, an “estimate and contents report,” and a report from its engineering firm regarding the damages. The current president of the condominium association (who was not president when the losses were incurred) also submitted to an examination under oath. Thereafter, Citizens made requests for additional documents and information regarding this new claim and refused to proceed to appraisal until such information was provided.
In February of 2010, Mango Hill brought suit claiming that it had satisfied all post-loss obligations under its policy with Citizens. Citizens answered the complaint, denying coverage and claiming that Mango Hill had failed to comply with its post-loss obligations under the policy. When Mango Hill subsequently moved to compel appraisal, Citizens balked claiming that appraisal could not be ordered until Mango Hill complied with its policy obligations. In response, Mango Hill argued that compliance with post-loss policy obligations relates to coverage, an issue which may, at the trial court’s discretion, be determined after appraisal is compelled. The trial court apparently agreed and *581 granted the motion compelling appraisal. For the following reasons, we reverse.
A challenge to coverage is, as the Florida Supreme Court has confirmed, a matter for determination by a court; whereas, a challenge to the amount of a covered loss is for determination by an appraisal panel. See Johnson v. Nationwide Mut. Ins. Co., 828 So.2d 1021, 1022 (Fla.2002). While at first blush it would appear that coverage should be resolved by a court before the amount of a covered loss is determined by appraisal, this Court has recognized that “putting the issue of coverage first before arbitration in every case might have adverse effects on the expeditious, out of court disposition of litigation, which is the reason arbitration is a favored remedy.” Sunshine State Ins. Co. v. Rawlins, 34 So.3d 753, 754-55 (Fla. 3d DCA 2010). Thus, we have left it to the trial court’s discretion to decide “the order in which the issues of damages and coverage are to be determined by arbitration and the court.” Id. (also stating that the trial court should determine “whether or not to allow the appraisal and coverage processes to move forward on a dual track basis”).
The discretion to determine the order in which coverage and loss issues are considered does not, however, override a preliminary determination as to whether an arbitrable issue exists. Before arbitration (or appraisal) under an insurance policy such as the one at issue here may be compelled, a disagreement, or “arbitrable issue,” must be demonstrated to exist. U.S. Fid. & Guar. Co. v. Romay, 744 So.2d 467, 469 (Fla. 3d DCA 1999). No disagreement or arbitrable issue exists unless “some meaningful exchange of information sufficient for each party to arrive at a conclusion” has taken place. Id. at 470. Thus, an “insured must comply with all of the policy’s post-loss obligations before the appraisal clause is triggered.” Id. at 471; see First Home Ins. Co. v. Fleurimond, 36 So.3d 172, 174 (Fla. 3d DCA 2010).
In Citizens Property Insurance Corp. v. Galeria Villas Condominium Association, 48 So.3d 188, 191-92 (Fla. 3d DCA 2010), this Court concluded that as a preliminary matter a trial court must determine “that a demand for appraisal is ripe,” before it may exercise its “discretion to control the order in which the appraisal and coverage determinations proceed.” There, the insured submitted and was paid on its initial claim. It thereafter retained a public adjuster and submitted a supplemental claim supported by detailed construction cost estimates broken down by building, line item, quantity, unit costs, contractor’s overhead and profit, and sales taxes. The insurer acknowledged receipt of these items and demanded a sworn proof of loss as well as a number of other documents. The sworn proof of loss was provided, but after some jousting over the documents, the insured filed suit for breach of the insurance policy and moved to compel appraisal. The motion to compel appraisal was granted.
This Court reversed on appeal, concluding that until the policy’s post-loss conditions were met, there was no disagreement as to the amount of loss to be appraised, and until it was determined such a dispute existed, the court below had no discretion to control the order in which the loss and coverage issues would be determined:
Until [the policy’s post-loss] conditions are met and the insurer has a reasonable opportunity to investigate and adjust the claim, there is no “disagreement” (for purposes of the appraisal provision of the policy) regarding the value of the property or the amount of loss.... Once the trial court determines that a demand for appraisal is ripe [that *582 is, that a disagreement exists], the court has the discretion to control the order in which the appraisal and coverage determinations proceed.

Id.

Because the same circumstances exist here, we reverse the order compelling appraisal and remand for an evidentiary hearing on whether Mango Hill sufficiently complied with the policy’s post-loss requirements. See Sunshine State Ins. Co. v. Corridori, 28 So.3d 129, 131 (Fla. 4th DCA 2010) (confirming that where an insured cooperates to some degree or explains non-compliance with a policy’s post-loss requirements, a fact question is presented which should be resolved on an evidentiary hearing); Citizens Property Ins. Corp. v. Maytin, 51 So.3d 591 (Fla. 3d DCA 2010) (confirming the necessity of an evidentiary hearing when a dispute arises as to whether an insured’s compliance satisfies policy post-lost requirements).[1]
Reversed and remanded.

. Should the court below determine that this matter is ripe for appraisal and that appraisal should proceed before trial on the coverage issue, no further order need be issued to reserve jurisdiction to determine legal questions regarding the policy's terms and coverage following appraisal. See Galeria Villas Condominium Ass’n, 48 So.3d at 192.