LAGOA, J.
Citizens Property Insurance Corporation appeals from an order granting the insureds’ motion to compel appraisal of a claim under a commercial property insurance policy. For the following reasons, we reverse the order.
On appeal, Citizens contends that the trial court erred in prematurely ordering the appraisal when the record establishes that a factual dispute exists as to whether the insureds complied with, the policy’s post-loss provisions. We agree. In October 2005, the insureds’ property sustained damage during Hurricane Wilma. Subsequently, they filed a claim with Citizens and payment was made to the insureds. In September 2009, the insureds retained a public adjuster, filed a supplemental claim for Hurricane Wilma damages, and demanded an appraisal. Citizens reinspected the property and the insureds provided Citizens with a contractor’s estimate and a sworn proof of loss. Citizens made numerous requests for additional information and documents, which the insureds allegedly failed to provide.
In May 2010, the insureds filed a breach of contract claim against Citizens and a motion to compel appraisal, alleging that they had complied with the post-loss policy conditions. Citizens filed its answer and response to the motion to compel, asserting that the insureds had not provided Citizens with requested information and documents related to the supplemental claim, and that the insureds’ compliance with the policy was a condition precedent to appraisal. Following a hearing on the insureds’ motion, at which the parties disputed whether the insureds were in compliance with the post-loss policy obligations, the trial court granted the motion to compel appraisal.
Based on the authority of Citizens Property Insurance Corp. v. Mango Hill Condominium Ass’n, 54 So.3d 578 (Fla. 3d DCA 2011), and Citizens Property Insurance Corp. v. Galeria Villas Condominium Ass’n, 48 So.3d 188 (Fla. 3d DCA 2010), we hold that the trial court erred in both granting the motion to compel appraisal and in failing to conduct the requested evidentiary hearing concerning the insureds’ compliance with the policy’s post-loss conditions. See Citizens Prop. *179 Ins. Corp. v. Maytin, 51 So.3d 591 (Fla. 3d DCA 2010) (holding that the trial court must conduct an evidentiary hearing to determine whether the insured complied with the policy’s post-loss conditions); Sunshine State Ins. Co. v. Corridori, 28 So.3d 129, 131 (Fla. 4th DCA 2010) (“[W]here the ‘insured cooperates to some degree or provides an explanation for its noncompliance, a fact question is presented’ regarding the necessity or sufficiency of compliance.... Whether [insured’s] compliance with the policy terms was necessary or sufficient is a dispute of fact.”) (citation omitted); see also U.S. Fid. & Guar. Co. v. Romay, 744 So.2d 467, 471 (Fla. 3d DCA 1999) (holding that “[t]he insured must comply with all of the policy’s post-loss obligations before the appraisal clause is triggered”). Accordingly, the order compelling appraisal is reversed and we remand for an evidentiary hearing on the issue of the insureds’ compliance with the policy’s post-loss conditions.
Reversed and remanded.