# Third District Court of Appeal

## State of Florida

Opinion filed February 25, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-241
Lower Tribunal No. 10-42500
_____

**State Farm Florida Insurance Company,**
Appellant,

vs.

**Miguel and Graciela Cardelles,**
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Russo Appellate Firm, P.A., and Christopher D. Bailey and Elizabeth K. Russo;  Ubaldo J. Perez, Jr., for appellant.

Alvarez, Carbonell, Feltman, & DaSilva, PL, and Paul B. Feltman, for appellees.

Before SHEPHERD, C.J., and ROTHENBERG and LOGUE, JJ.

ROTHENBERG, J.

State Farm Florida Insurance Company ("State Farm") appeals the trial court's order compelling appraisal of Miguel and Graciela Cardelles' ("the Plaintiffs") supplemental Hurricane Katrina claim. Because we find that the Plaintiffs complied with their post-loss obligations under the policy terms, we affirm.

Hurricane Katrina and Hurricane Wilma hit South Florida on August 25, 2005, and October 24, 2005, respectively. The Plaintiffs reported home damage to their homeowners' insurance carrier, State Farm, following each hurricane. After obtaining estimates from a contractor and then from public adjuster/attorney Robert Behar, the Plaintiffs submitted sworn proofs of loss for the damages caused by each hurricane. State Farm made a net payment (after the Plaintiffs paid a nearly $10,000 deductible) of approximately $19,000 on the Hurricane Katrina claim and approximately $13,000 on the Hurricane Wilma claim. The Plaintiffs repaired their roof and made other minor repairs to their home with State Farm's payout, but the Plaintiffs now claim that State Farm's payment was insufficient to fully repair the damage from the hurricanes.

Four years later, the Plaintiffs hired another public adjuster, Eduardo Rodriguez, who submitted a supplemental claim for the Plaintiffs to State Farm on March 15, 2010, demanding that the Plaintiffs' claim be reopened and requesting an additional $127,000 in damages. The date of loss was listed as the date

Hurricane Katrina hit South Florida: August 25, 2005. State Farm responded to the request with a letter explaining the Plaintiffs' post-loss obligations under the policy. Pursuant to those post-loss obligations, State Farm wrote to the Plaintiffs on three occasions requesting photographic or video evidence of the damages, receipts and documentation of purchases and repairs, bank account statements showing expenditures, and an updated sworn proof of loss from the Plaintiffs to be made within 60 days of each letter. The record establishes that State Farm believed the Plaintiffs were requesting reimbursement for newly discovered damages that had already been repaired, however, the Plaintiffs are in fact claiming additional payment for the damages initially incurred from the hurricanes that they allege have not been repaired to this day. The Plaintiffs did not submit any of the requested documents because they have not yet made any additional repairs, so there are no documents to be submitted. Moreover, the Plaintiffs have made their home available to State Farm for inspection of the damages, and State Farm has inspected the home.

On August 4, 2010, after State Farm refused to pay any additional money for the supplemental damages claimed by the Plaintiffs, the Plaintiffs filed suit against State Farm alleging that State Farm had breached the insurance policy by failing to pay the additional repair costs. After some discovery, State Farm filed a motion for final summary judgment, arguing that the Plaintiffs had not complied with their

post-loss obligations to provide requested documentation, including an updated sworn proof of loss. The Plaintiffs, in turn, filed a Motion to Compel Appraisal and Abate the Action, to which they attached a joint sworn proof of loss that stated that they were requesting $117,297.53 in damages incurred as a result of Hurricane Katrina, but that they were not attaching any receipts, photos, or documentation with the claim. The sworn proof of loss was notarized and dated April 8, 2010. The trial court ultimately denied two of State Farm's motions for summary judgment.

The parties conducted some additional discovery, and the motion to compel appraisal was not heard until January 29, 2014, nearly three years after it was filed. At that hearing, Mr. Cardelles testified that the Plaintiffs had provided sworn proofs of loss, as well as documentation regarding damages and expenses (receipts, photos, etc.), to State Farm immediately following the hurricanes in 2005. He also testified that they replaced the roof with the approximately $32,000 they received from State Farm but were unable to make other repairs, particularly to the interior of the home, because State Farm's payment was insufficient to cover the full cost. The Plaintiffs also testified that they did not submit any of the documentation State Farm had requested because they "didn't have anything else to send."

The trial court found that the supplemental claim was based on the original damages from the 2005 claim rather than additional repairs that had been made,

4

and that the Plaintiffs had no additional documents to provide. The trial court ultimately ruled that the Plaintiffs had sufficiently complied with their post-loss obligations in the insurance policy and ordered a detailed appraisal to determine the amount of damages and the cause of each item of damage within ninety days. State Farm timely appealed the trial court's order compelling appraisal.

"A challenge to coverage is, as the Florida Supreme Court has confirmed, a matter for determination by a court; whereas, a challenge to the amount of a covered loss is for determination by an appraisal panel." Citizens Prop. Ins. Corp. v. Mango Hill Condo. Ass'n 12 Inc., 54 So. 3d 578, 581 (Fla. 3d DCA 2011) (citing Johnson v. Nationwide Mut. Ins. Co., 828 So. 2d 1021, 1022 (Fla. 2002)). This Court has held on several occasions that the trial court may exercise its discretion when determining whether to compel appraisal of an insurance claim before determining whether the policy covers the claimed loss. See, e.g., id.; Sunshine State Ins. Co. v. Rawlins, 34 So. 3d 753, 754 (Fla. 3d DCA 2010) (citing Paradise Plaza Condo. Assoc. v. Reinsurance Corp. of New York, 685 So. 2d 937 (Fla. 3d DCA 1996) (en banc)). However, we have also held that "an 'insured must comply with all of the policy's post-loss obligations before the appraisal clause is triggered.'" Mango Hill 12, 54 So. 3d at 581 (quoting U.S. Fid. & Guar. Co. v. Romay, 744 So. 2d 467, 471 (Fla. 3d DCA 1999) (en banc)); see also First Home Ins. Co. v Fleurimond, 36 So. 3d 172, 174 (Fla. 3d DCA 2010). "Until

5

these [post-loss obligation] conditions are met and the insurer has a reasonable opportunity to investigate and adjust the claim, there is no 'disagreement' (for purposes of the appraisal provision in the policy) regarding the value of the property or the amount of loss." Citizens Prop. Ins. Corp. v. Galeria Villas Condo. Ass'n, 48 So. 3d 188, 191 (Fla. 3d DCA 2010).

The trial court in this case found that the Plaintiffs had "sufficiently complied" with the policy's post-loss obligations, citing this Court's opinion in Mango Hill 12. See 54 So. 3d at 582 ("Because [the trial court compelled appraisal without holding an evidentiary hearing to determine whether the insured had complied with his post-loss obligations], we reverse the order compelling appraisal and remand for an evidentiary hearing on whether [the insured] Mango Hill **sufficiently complied** with the policy's post-loss requirements." (emphasis added) (citing Corridori, 28 So. 3d at 131)). The trial court's order seems to suggest that our Mango Hill 12 decision substantially changed the requisite standard to obtain appraisal to require something less than full compliance with all post-loss obligations, as had been mandated by our numerous past holdings. However, a full reading of Mango Hill 12, along with a litany of our other cases on this subject, confirms that "sufficient compliance" still requires that all post-loss obligations be satisfied before the trial court can properly exercise its discretion to compel appraisal. Id. (holding that "an 'insured must comply with all of the

6

policy's post-loss obligations before the appraisal clause is triggered.'" (quoting Romay, 744 So. 2d at 471)); see also Citizens Prop. Ins. Corp. v. Gutierrez, 59 So. 3d 177, 179 (Fla. 3d DCA 2011) (citing Romay for that same proposition after Mango Hill 12 was issued).

Despite the confusion on which standard to apply, we cannot say that the trial court abused its discretion by compelling appraisal of the Plaintiffs' claimed damages on these particular facts. State Farm admits that the Plaintiffs complied with all post-loss obligations immediately following the hurricanes in 2005, and the Plaintiffs have provided State Farm with an updated sworn proof of loss detailing all of the damages they are claiming. Moreover, because these damages are the same as those claimed from the original hurricane damage, State Farm already has all the required documentation of the damages, and the Plaintiffs have also agreed on many occasions to open their home to State Farm for further inspection of the damages. Thus, the trial court did not abuse its discretion by granting the Plaintiffs' motion to compel appraisal.

Affirmed.