# Third District Court of Appeal

## State of Florida

Opinion filed April 1, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-1212
Lower Tribunal No. 12-24437
_____

## State Farm Insurance Company,
Appellant,

vs.

## Efrain Xirinachs, Ericson Xirinachs, and Maureen Ogden,
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Stanford Blake, Judge.

Clark, Robb, Mason, Coulombe, Buschman & Charbonnet, and K. Gutierrez; Russo Appellate Firm, P.A., and Elizabeth K. Russo and Christopher J. Bailey, for appellant.

Eduardo Gomez; Lopez & Best, and Virginia M. Best, for appellees.

Before SHEPHERD, C.J., and FERNANDEZ and LOGUE, JJ.

LOGUE, J.

State Farm Insurance Company appeals an order compelling appraisal in a case arising from the Insureds' supplemental claim for insurance benefits allegedly incurred as a result of Hurricane Wilma. When ordering appraisal, the trial court apparently assumed that the requisite standard to obtain appraisal is something less than full compliance with post-loss obligations. This reasoning, according to the Insureds, is supported by this court's opinion in Citizens Property Insurance Corp. v. Mango Hill Condominium Association 12, Inc., 54 So. 3d 578, 582 (Fla. 3d DCA 2011), where we reversed an order compelling appraisal and remanded for an evidentiary hearing on whether the insured "sufficiently complied" with post-loss obligations. Neither the trial court nor the Insureds had the benefit of this court's recent opinion in State Farm Insurance Company v. Cardelles, 40 Fla. L. Weekly D504 (Fla. 3d DCA Feb. 25, 2015), which clarified the law in this district.

In Cardelles, this court explained that all post-loss obligations must be satisfied before a trial court can exercise its discretion to compel appraisal: "a full reading of Mango 12 . . . confirms that 'sufficient compliance' still requires that all post-loss obligations be satisfied before the trial court can properly exercise its discretion to compel appraisal." Id. at D505.

The Insureds in this case failed to comply with all post-loss obligations. For example, they failed to produce necessary documentation and protect the property

from further damage as required by the governing policy. Given their failure to comply with these obligations, the trial court erred in ordering appraisal.

Reversed and remanded.