# Third District Court of Appeal

## State of Florida

Opinion filed February 17, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-64
Lower Tribunal No. 07-3515
_____

**Nelson Francois, etc.,**
Appellant,

vs.

**University of Miami, a Florida Corporation,**
Appellee.

An appeal from a non-final order from the Circuit Court for Miami-Dade County, Abby Cynamon, Judge.

Loreen I. Kreizinger and Justine S. Anagnos (Ft. Lauderdale), for appellant.

Fowler White Burnett and Marc J. Schleier and Christopher E. Knight, for appellee.

Before SUAREZ, C.J., and ROTHENBERG and EMAS, JJ.

SUAREZ, C.J.

Appellant Nelson Francois, as Personal Representative of the Estate of Caroline Francois ("Francois") appeals the denial of his Motion for Relief from Judgment.  We reverse.

This case follows our decision in University of Miami v. Francois, 76 So. 3d 360 (Fla. 3d DCA 2011)[1] in which we determined that a settlement agreement Francois had entered into with defendants Angelica Martinez, R.N. ("Nurse Martinez") and Medical Staffing Network Holdings, Inc. ("Medical Staffing") had the effect of also releasing his claims against the University of Miami (the "University").  Id. at 366-67.  Importantly, in that prior appeal we specifically stated:

> Francois conceded that he did not plead or seek reformation of the Release and Settlement Agreement at the trial court level, nor does he contend on appeal that a reformation was effectuated when the trial court entered its final order following rehearing.  See, e.g. Rucks v. Pushman, 541 So. 2d 673 (Fla. 5th DCA 1989).  **Thus we do not consider whether reformation could have been utilized to achieve a different result**.

Id. at 363 n. 2.

Following that opinion, Francois filed a separate action in the trial court captioned Francois as Personal Representative v. Martinez, 12-26993 CA 01.  In

---

[1] The factual background of the wrongful death claims at issue in this proceeding are set forth in that opinion and are not repeated here.

2

that proceeding, an Agreed Final Order was entered which reformed the release to reflect Francois', Nurse Martinez's and Medical Staffing's actual intent, which was to settle Francois' claim against Nurse Martinez and Medical Staffing and to except the claims against the University from the scope of the release.

Thereafter, Francois filed his Motion for Relief from Judgment in this case, which the University opposed. After hearing, the trial court entered an order denying the Motion for Relief from Judgment. In that Order, the trial court found that:

> [T]he Third District determined that [Francois]'s cause of action against the University of Miami was extinguished by the clear an unambiguous terms of the Release and Settlement Agreement. … In doing so, the Third District held that it was improper for this Court to consider parole evidence in an attempt to discern an intent which was already clearly expressed by the terms of the Release and Settlement Agreement. The Third District's ruling constitutes the 'law of the case' and must be followed.

This ruling was in error. As in Banks v. Orlando Regional Healthcare, 955 So. 2d 604 (Fla. 5th DCA 2007), the trial court in the independent reformation action, Francois v. Martinez, supra, "successfully reformed the original release to reflect the parties' intent not to release subsequent tortfeasors or transfer any causes of action against subsequent tortfeasors. That reformation related back to the date of the original release." Banks, 955 So. 2d at 608. The trial court's refusal to

3

consider parole evidence was also error.  See, Abernathy v. Nat'l Union Fire Ins., 717 So. 2d 196, 198 (Fla. 5th DCA 1998) and cases cited therein.

The trial court's conclusion that this Court's prior ruling precluded consideration of the reformed settlement agreement based on the law of the case doctrine was also incorrect.  As indicated above, this Court expressly did not consider what impact a claim of reformation would have on the release at issue. Consequently, the mandate did not include any ruling on that question and Francois was free to pursue the remedy of an independent action for reformation of the release.

As explained in Florida Dept. of Trans. v. Juliano, 801 So. 2d 101 (Fla. 2001):

> The doctrine of the law of the case requires that questions of law actually decided on appeal must govern the case in the same court and the trial court, through all subsequent stages of the proceedings. See Greene v. Massey, 384 So. 2d 24, 28 (Fla. 1980) ("All points of law **which have been adjudicated** [e.s.] become the law of the case and are, except in exceptional circumstances, no longer open for discussion or consideration in subsequent proceedings in the case."); Strazzulla v. Hendrick, 177 So. 2d 1, 3 (Fla. 1965). Under the law of the case doctrine, a trial court is bound to follow prior rulings of the appellate court as long as the facts on which such decision are based continue to be the facts of the case. See McGregor [v. Provident Trust Company], 162 So. [323] at 327 [(Fla. 1935)].  Moreover, even as to those issues actually decided, the law of the case doctrine is more flexible than res judicata in that it also provides that an appellate court has the power to reconsider and correct an erroneous

4

ruling that has become the law of the case where a prior ruling would result in a "manifest injustice." Strazzulla, 177 So. 2d at 5.8. As to the scope of the law of the case doctrine, this Court in U.S. Concrete [Pipe], 437 So. 2d [1061] at 1063 [(Fla. 1983)], explained that the doctrine is '**limited to rulings on questions of law *actually presented and considered* on a former appeal**.' [bold added] (Emphasis supplied.) See also Two M. Dev. Corp. v. Mikos, 578 So. 2d 829, 830 (Fla. 2d DCA 1991). By reaffirming the principle articulated in earlier decisions that the **law of the case doctrine is limited to questions of law actually presented and considered on a former appeal**, [e.s.]

U.S. Concrete was consistent with prior cases from this Court. See, e.g., Greene, 384 So. 2d at 28; Strazzulla, 177 So. 2d at 3; Finston v. Finston, 160 Fla. 935, 37 So. 2d 423, 424 (1948). Additionally, the law of the case doctrine may foreclose subsequent consideration of issues implicitly addressed or necessarily considered by the appellate court's decision. See Dade County Classroom Teachers' Ass'n v. Rubin, 238 So. 2d 284, 289 (Fla. 1970); Dicks v. Jenne, 740 So. 2d 576, 578 (Fla. 4th DCA 1999). A corollary of the law of the case doctrine is that a lower court is not precluded from passing on issues that 'have not necessarily been determined and become law of the case.' Greene, 384 So. 2d at 27. As stated in Wilder v. Punta Gorda State Bank, 100 Fla. 517, 129 So. 865, 866 (1930), **the law of the case doctrine 'has no applicability to, and is not decisive of, points presented upon a second writ of error that were not presented upon a former writ of error and consequently were not before the appellate court for adjudication**.' [e.s.]

Id. at 105-106. Thus, not only did this Court not implicitly rule on the issue of reformation, it expressly did not. Under those circumstances, the law of the case doctrine had no application and the trial court should have considered and granted

5

Francois' Motion for Relief from Judgment.[2]  Likewise, Francois' reformation action was not filed "too late," nor did it constitute an attempt to "evade" this Court's prior rulings.

Not only was the "law of the case" inapplicable below, Francois appears to have followed the exact prescription to obtain reformation which the Fifth District described in its opinion in Rucks v. Pushman, 541 So. 2d 673 (Fla. 5th DCA 1989)[3]

---

[2] For the same reason, the language of such cases as Dober v. Worrell, 401 So. 2d 1322, 1324 (Fla. 1981), McAllister v. Breakers Seville Assoc., Inc., 41 So. 3d 405 (Fla. 4th DCA 2010) and Robinson v. Weiland, 8988 So. 2d 1110 (Fla. 5th DCA 2008) and their progeny, including Connecticut General Life Ins. Co. v. Dyess, 588 So. 2d 1045 (Fla. 5th DCA 1991), is simply inapplicable to this case.

[3] The Court there stated: "While the summary judgment in this case is procedurally correct, if in truth and in fact the true settlement agreement between the victim and the initial tortfeasor was intended by those parties thereto to be only a settlement of the victim's injuries resulting from the initial tortfeasor and was not intended to compensate the victim for injuries resulting from the negligence of the health care providers, and should not in law or in equity result in a transfer to the initial tortfeasor of the victim's cause of action against the health care providers, the victim should, in justice and fairness and law, be given an opportunity to establish that fact. However, consistent with the trial court's decision, we hold that the victim's motion to reform made in this law action for the recovery of damages was inadequate for that purpose. The cause of action, if any, the victim may have against the initial tortfeasor to reform the victim's release should be asserted in a separate equitable reformation action. If, because of its form, the victim's release has resulted in an unintended assignment of rights by operation of law, we know of no reason why the initial tortfeasor cannot merely reassign those rights to the victim by a properly drawn legal document or, if there is a controversy as to the intent of those parties, why the victim cannot resolve that controversy in a separate equitable action against the initial tortfeasor for reformation and, when equitable relief has been obtained, assert such cause of action against the health care providers. [e.s.] This opinion is not intended to preclude such action by the victim if appropriate and desired and otherwise possible. Rucks v. Pushman, 541 So. 2d 673, 676 (5th DCA 1989)

6

and which it affirmed in <u>Banks</u>, 955 So. 2d at 608. Application of those principles here demonstrates that the trial court's conclusion that Francois had not shown a sufficient "mistake" to obtain relief under Rule 1.540, Florida Rules of Civil Procedure was erroneous. In fact, some cases support the notion that Francois could simply have moved for reformation of the release in this case and did not need to file his independent reformation action. <u>Wells Fargo Bank, N.A. v. Giesel</u>, 155 So. 3d 411 (Fla. 1st DCA 2014) (no reason for bank to file entirely new action to achieve result of reformation when trial court could simply vacate judgment); <u>Kearney v. Auto-Owners Ins. Co.</u>, 2007 WL 2298031 at *7 (M.D. Fla. 2007) ("In Florida, an independent action for reformation is not required to obtain relief from mutual mistake") [4]

As to the position taken by the University, we reconfirm the statement in <u>Alexander v. Kirkham</u>, 365 So. 2d 1038 (Fla. 3d DCA 1978):

> It must be pointed out that the defendants in this case were neither parties to the release agreement, gave any consideration for it, or changed their position in any way in reliance upon its terms. They simply seek to be the donee beneficiaries of an enormous benefit, freedom from tort liability, gratuitously placed in their laps through the inadvertence of third parties. On these facts, there is therefore no legal or equitable reason to interfere

---

[4] Although not expressly addressed by the trial court, we agree with Francois that no "permission" from this Court was required for purposes of his claim of reformation, especially where this Court expressly did not rule on such a claim. <u>Ohio Casualty Group v. Parrish</u>, 350 So. 2d 466, 468-69 (Fla. 1977).

7

with the effectuation of the conceded intention of the parties to the agreement themselves.

Id. at 1040-41.

Reversed and remanded for proceedings consistent with this opinion.