# Third District Court of Appeal

## State of Florida

Opinion filed May 16, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2225
Lower Tribunal No. 12-24437
_____

## State Farm Florida Insurance Company,
Appellant,

vs.

## Efrain Xirinachs, et al.,
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Barbara Areces, Judge.

Clark, Robb, Mason, Coulombe, Buschman & Charbonnet, and Marc Buschman; Russo Appellate Firm, P.A., and Elizabeth K. Russo, for appellant.

Law Office of Lazaro Vazquez, P.A., and Lazaro Vazquez; Lopez & Best, and Virginia M. Best, for appellees.

Before LOGUE, LUCK, and LINDSEY, JJ.

LOGUE, J.

State Farm Florida Insurance Company appeals the trial court's final judgment in favor of the insureds, Efrain Xirinachs, Ericson Xirinachs, and Maureen Ogden. In so doing, State Farm argues that the trial court erred by not granting summary judgment or entering a directed verdict. We agree and reverse.

<u>Background</u>

In February 2006, State Farm issued payment to the insureds for damages arising out of Hurricane Wilma. The payment totaled $7,690.97 for damages to the dwelling, which included amounts for the full replacement of the house's shingle roof, repairs to an interior bedroom, and repair of cracked glass in a jalousie window.[1] It is undisputed that the insureds cashed the payment check. In late 2006, the insureds replaced the jalousie windows with impact windows, but did not replace the roof until approximately ten years later in 2016.

In January 2010, the insureds submitted a supplemental claim in the amount of $59,719.25 for alleged hurricane damage, including $6,488.18 for replacement of the shingle roof. The insureds eventually filed suit against State Farm over the supplemental claim. The matter came before us in <u>State Farm Insurance Co. v. Xirinachs</u>, 163 So. 3d 559 (Fla. 3d DCA 2015) (<u>Xirinachs I</u>), where this Court reversed the trial court's order compelling an appraisal. On remand, State Farm filed a motion for summary judgment based upon language of <u>Xirinachs I</u> finding

---

[1] State Farm also paid the insureds an additional $200 for spoiled food.

that an appraisal could not be compelled because of the insureds' failure to comply with post-loss obligations. The trial court denied summary judgment. Subsequently, at trial, State Farm moved for directed verdict and the trial court denied the motion. The jury entered a verdict in favor of the insureds and State Farm renewed its motion for directed verdict and moved for a new trial. The trial court denied both. This appeal followed.

Analysis

In Xirinachs I, this Court specifically held that

> The Insureds in this case failed to comply with all post-loss obligations. For example, they failed to produce necessary documentation and protect the property from further damage as required by the governing policy. Given their failure to comply with these obligations, the trial court erred in ordering appraisal.

Id. at 559-60. Our holding that the insureds failed to comply with their post-loss obligations, and that this failure precluded appraisal, became law of the case. "Under the law of the case doctrine, a trial court is bound to follow prior rulings of the appellate court as long as the facts on which such decision are based continue to be the facts of the case." Francois v. University of Miami, 185 So. 3d 705, 708 (Fla. 3d DCA 2016) (citation omitted). As set forth in Xirinachs I, the insureds were not entitled to appraisal because they had "failed to comply with all post-loss obligations." Id. Under Florida law, "[i]f the insured fails to comply with a condition precedent before filing suit, its breach is deemed material, and thus the

3

insurer is relieved of its duties under the policy." Hunt v. State Farm Fla. Ins. Co., 145 So. 3d 210, 211 (Fla. 4th DCA 2014). Based upon the facts and insurance policy in this case, the insured's failure to comply with their post-loss obligations relieved State Farm of any duties under the policy as to the supplemental claims sought by the insured. As such, the trial court erred by not granting State Farm's motion for directed verdict. See St. Johns River Water Mgmt. Dist. v. Fernberg Geological Servs., 784 So. 2d 500, 504 (Fla. 5th DCA 2001) ("A motion for directed verdict should be granted when there is no reasonable evidence upon which a jury could legally predicate a verdict in favor of the non-moving party.") (citation omitted).

Accordingly, we reverse judgment against State Farm and remand for further proceedings consistent with this opinion.

Reversed and remanded.