# Third District Court of Appeal

## State of Florida

Opinion filed December 29, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-1772
Lower Tribunal No. 20-14216
_____

**Carl Redlhammer,**
Appellant,

vs.

**ASI Preferred Insurance Corp.,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Reemberto Diaz, Judge.

Mintz Truppman, P.A., and Mark J. Mintz and Timothy H. Crutchfield, for appellant.

Berk, Merchant & Sims, PLC, and Patrick E. Betar and Evelyn M. Merchant, for appellee.

Before SCALES, MILLER and BOKOR, JJ.

SCALES, J.

Appellant Carl Redlhammer, the plaintiff below, appeals the trial court's November 4, 2020 non-final order compelling the parties to participate in the appraisal process outlined in Redlhammer's property insurance policy with the defendant below, appellee ASI Preferred Insurance Corporation ("ASI").[1] We reverse the challenged order because appraisal is premature.

When the interior of Redlhammer's home suffered a covered water loss, ASI adjusted and paid the losses. Redlhammer later submitted a supplemental claim to ASI, seeking an additional payment for additional repair costs associated with fixing the home's broken main drain line, an item that had not been addressed and adjusted previously by ASI. To support his supplemental claim, Redlhammer provided ASI with his public adjuster's repair estimate that stated the interior floor of the dwelling needed to be trenched to access the broken drain line.

After ASI's field adjuster reinspected Redlhammer's home, ASI confirmed that the main drain line was cracked and in need of repair; however, without the benefit of a competing repair estimate from its field adjuster, American Leak Detection ("ALD"), ASI rejected the public adjuster's

---

[1] We have jurisdiction. See Fla. R. App. P. 9.130(a)(3)(C)(iv).

2

proposed method of repair (i.e., trenching the home's interior flooring).[2] It is undisputed that ASI never obtained a competing repair estimate from ALD or any other estimator.

On July 7, 2020, Redlhammer filed the instant first-party action against ASI in the Miami-Dade County Circuit Court. The complaint sets forth claims for declaratory relief, breach of contract and fraud in the inducement. All claims arise from ASI's alleged failure to adjust the supplemental claim related to the damaged drain line. ASI then filed its motion to compel an appraisal.[3] After conducting a non-evidentiary hearing on ASI's motion, the trial court entered the challenged order compelling appraisal.

---

[2] ASI's senior claims examiner sent the following e-mail to Redlhammer's public adjuster:

> Good afternoon,
>
> We are not in agreement with tranching [sic] the entire home to repair the cracked drain line.
>
> ALD has been requested to provide a comparative bid to properly repair the drain line.
>
> We have requested their report and once received will review and respond.

[3] The subject policy's appraisal provision provides, in relevant part:

> 6. <u>Appraisal</u>.  If you and we fail to agree on the amount of loss, either may demand an appraisal of the loss.  In this event, each party will choose a competent appraiser within 20 days after

We reverse the challenged order because the record does not demonstrate that the parties have the requisite "disagreement" informed by reasonable competing estimates on the amount of this covered supplemental claim. See State Farm Fla. Ins. Co. v. Hernandez, 172 So. 3d 473, 477 (Fla. 3d DCA 2015) ("The goal of alternative dispute resolution is only furthered when the parties have each had a real opportunity to inspect the damages and the receipts to come to a reasonable estimate of the amount of the covered loss."). In an unbroken line of cases, this Court has held that appraisal is premature when one party has not provided a meaningful exchange of information sufficient to substantiate the existence of a genuine disagreement. See id.; People's Tr. Ins. Co. v. Ortega, 306 So. 3d 280, 284 (Fla. 3d DCA 2020); Citizens Prop. Ins. Corp. v. Mango Hill Condo. Ass'n 12 Inc., 54 So. 3d 578, 581 (Fla. 3d DCA 2011); Citizens Prop. Ins. Corp. v. Galeria Villas Condo. Ass'n, Inc., 48 So. 3d 188, 191 (Fla. 3d DCA 2010); U.S. Fid. & Guar. Co. v. Romay, 744 So. 2d 467, 470 (Fla. 3d DCA 1999) (en banc).[4]

_____

receiving a written request of the other. The two appraisers will choose an umpire. . . . The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.

4

In Romay, this Court made it clear that similar appraisal clause language "contemplated that the parties would engage in some meaningful exchange of information sufficient for each party to arrive at a conclusion before a disagreement could exist." 744 So. 2d at 470. In so holding, this Court relied upon the following from Couch on Insurance:

> [T]he existence of a real difference in fact, arising out of an honest effort to agree between the insured and the insurer, is necessary to render operative a provision in a policy for arbitration of differences. Furthermore, there must be an actual and honest effort to reach an agreement between the parties, as it is only then that the clause for arbitration becomes operative, the remedies being successive. For example, *a mere arbitrary refusal to pay the amount demanded*, and the offer of a less amount, *without any attempt upon the part of the insurer to ascertain and estimate the amount of loss and damage, do not constitute such a disagreement as is contemplated.*

Id. (quoting 14 Couch on Insurance 2d § 50.56 (1982)) (emphasis added). The example from Couch is what occurred here. Despite acknowledging that the main drain line in Redlhammer's home was cracked and in need of

---

[4] In each of these cited cases, the *insurer* challenged an order compelling appraisal, arguing that no informed disagreement existed, and appraisal was therefore premature, because the *insured* had failed to comply with the insurance policy's post-loss obligations. We reject ASI's contention that the holding in these cases is applicable only to insureds. See Hernandez, 172 So. 3d at 476-77 ("The law in this district is clear and has been for nearly twenty years: *the party* seeking appraisal *must comply with all post-loss obligations* before the right to appraisal can be invoked under the contract.") (first emphasis added).

repair, and without having obtained and shared with Redlhammer its own repair estimate, ASI simply determined that Redlhammer's adjuster was wrong.

Without the benefit of ASI's competing estimate – presumably one that would be relied upon by ASI in the appraisal process – there is insufficient record evidence that Redlhammer and ASI have an informed disagreement on the amount of the loss related to the repair of the main drain line. We, therefore, are compelled to reverse the challenged order compelling appraisal.

Reversed and remanded for further proceedings consistent with this opinion.