# Third District Court of Appeal

## State of Florida

Opinion filed May 15, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1672
Lower Tribunal No. 19-18121
_____

## Heritage Property & Casualty Insurance Company,
Appellant,

vs.

## Sunset Villas Phase III Condominium Association, Inc.,
Appellee.

An appeal from a non-final order from the Circuit Court for Miami-Dade County, Peter R. Lopez, Judge.

Greenberg Traurig LLP, Katherine M. Clemente (New York, NY), Greenberg Traurig, P.A., Elliot H. Scherker, Brigid F. Cech Samole, and Mark A. Salky, for appellant.

Herrera Law Firm, P.A., and Jose-Trelles Herrera, for appellee.

Before LOGUE, C.J., and EMAS, and MILLER, JJ.

MILLER, J.

Appellant, Heritage Property & Casualty Insurance Company, challenges an order compelling a supplemental first-party commercial insurance claim to appraisal at the request of appellee, Sunset Villas Phase III Condominium Association, Inc. On appeal, Heritage contends appraisal is premature because an evidentiary hearing is first necessary to determine whether Sunset Villas satisfied post-loss conditions.[1] We agree and reverse.

## BACKGROUND

The facts require little elaboration. In the aftermath of Hurricane Irma, Sunset Villas filed a property damage claim with its insurer, Heritage. The applicable policy obligated the insured to comply with various post-loss conditions, including providing prompt notice, maintaining expense records, protecting the property from further loss, and allowing an inspection of the premises.

Heritage acknowledged coverage but determined the damages fell below the applicable deductible. Sunset Villas then submitted an amended

---

[1] Given that Sunset Villas demanded appraisal at the onset of this dispute and then again immediately after filing the supplemental claim, we summarily reject the alternative contention of waiver. See Certain Underwriters at Lloyd's, London v. Gables Ct. Condo. Ass'n, Inc., 357 So. 3d 759, 762–63 (Fla. 3d DCA 2023) (finding no merit in insurer's contention that insured waived its right to appraisal when insured promptly sought appraisal prior to filing suit and did not act inconsistently with that right).

2

proof of loss evidencing additional damages and demanded appraisal. Heritage requested more information and refused the demand for appraisal.

Sunset Villas filed a breach of contract action in the circuit court. Heritage answered the complaint, and the parties engaged in discovery. During the years-long litigation that ensued, Sunset Villas filed a supplemental claim for roof-related damages and again moved to compel appraisal. Heritage opposed the motion on the ground that an evidentiary hearing was first required to determine whether Sunset Villas satisfied post-loss policy conditions. The court ordered appraisal, and the instant appeal ensued.

**STANDARD OF REVIEW**

"We review the factual findings in an order compelling appraisal for competent, substantial evidence and the application of law to those facts de novo." Heritage Prop. & Cas. Ins. Co. v. Condo. Ass'n of Gateway House Apts. Inc., 344 So. 3d 52, 54 (Fla. 3d DCA 2021).

**ANALYSIS**

Prior to ordering appraisal, a trial court must render a preliminary determination as to whether the demand is ripe under the policy. See Citizens Prop. Ins. Corp. v. Mango Hill Condo. Ass'n 12 Inc., 54 So. 3d 578, 581 (Fla. 3d DCA 2011) (citing Citizens Prop. Ins. Corp. v. Galeria Villas

3

Condo. Ass'n, Inc., 48 So. 3d 188, 191–92 (Fla. 3d DCA 2010)).  In an unbroken line of authority, this court and others have determined that there is no disagreement over the value of the loss until post-loss conditions are satisfied and the insurer has a reasonable opportunity to adjust the claim. See Galeria Villas Condo. Ass'n, Inc., 48 So. 3d at 191 (Fla. 3d DCA 2010); see also Citizens Prop. Ins. Corp. v. Maytin, 51 So. 3d 591, 591 (Fla. 3d DCA 2010) (reversing trial court's grant of motion to compel appraisal and remanding for evidentiary hearing to determine compliance with post-loss conditions); State Farm Fla. Ins. Co. v. Hernandez, 172 So. 3d 473, 476–77 (Fla. 3d DCA 2015) ("[T]he party seeking appraisal **must comply with all post-loss obligations** before the right to appraisal can be invoked under the contract.") (emphasis in original); People's Tr. Ins. Co. v. Ortega, 306 So. 3d 280, 284 (Fla. 3d DCA 2020) ("[W]hen an insurer reasonably disputes whether an insured has sufficiently complied with a policy's post-loss conditions so as to trigger the policy's appraisal provision, a question of fact is created that must be resolved by the trial court before the trial court may compel appraisal."); Heritage Prop. & Cas. Ins. Co. v. Williams, 338 So. 3d 1119, 1121 (Fla. 2d DCA 2022) (reversing and remanding when "review of the record on appeal does not resolve" "fact question [of] 'whether an insured has sufficiently complied with a policy's post-loss conditions so as to trigger

4

the policy's appraisal provision'" absent evidentiary hearing) (quoting <u>Ortega</u>, 306 So. 3d at 284). In such circumstances, appraisal is deemed premature. See <u>Citizens Prop. Ins. Corp. v. Gutierrez</u>, 59 So. 3d 177, 178 (Fla. 3d DCA 2011) (holding "the trial court erred in both granting the motion to compel appraisal and in failing to conduct the requested evidentiary hearing concerning the insureds' compliance with the policy's post-loss conditions").

In the instant case, the parties disputed whether Sunset Villas satisfied its post-loss obligations. Accordingly, the trial court must conduct an evidentiary hearing and render a preliminary determination as to whether appraisal is ripe. If appraisal is indeed ripe, the court has discretion to control the order in which an appraisal and coverage determinations proceed. See <u>Galeria Villas Condo. Ass'n, Inc.</u>, 48 So. 3d at 191–92 ("Once the trial court determines that a demand for appraisal is ripe, the court has the discretion to control the order in which an appraisal and coverage determinations proceed."); <u>Paradise Plaza Condo. Ass'n, Inc. v. Reinsurance Corp. of N.Y.</u>, 685 So. 2d 937, 941 (Fla. 3d DCA 1996) ("[W]e believe that the issue of the order in which the issues of damages and coverage are to be determined respectively by [appraisal] and the court should be left within the discretion of the trial judge."); <u>Sunshine State Ins. Co. v. Rawlins</u>, 34 So. 3d 753, 755 (Fla. 3d DCA 2010) (following <u>Paradise Plaza</u> and agreeing "with its policy

5

arguments in allowing the trial court to make the determination as to whether or not to allow the appraisal and coverage processes to move forward on a dual track basis"); Am. Cap. Assurance Corp. v. Leeward Bay at Tarpon Bay Condo. Ass'n, Inc., 306 So. 3d 1238, 1242 (Fla. 2d DCA 2020) (joining "the Third District and adopt[ing] the dual-track approach").

Reversed and remanded.