# Third District Court of Appeal

## State of Florida

Opinion filed October 1, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-1196
Lower Tribunal No. 19-CA-269-M
_____

**Treasure Cay Condominium Association, Inc., a/k/a Treasure Cay Condo Assoc., Inc.,**
Appellant,

vs.

**Frontline Insurance Unlimited Company,**
Appellee.

An Appeal from the Circuit Court for Monroe County, Mark H. Jones, Judge.

Ver Ploeg & Marino, P.A., and Stephen A. Marino, Jr., Benjamin C. Hassebrock, Rochelle N. Wimbush, Derrick S. Natal, and Jacob M. Schuster, for appellant.

Berk, Merchant & Sims, PLC, and Patrick E. Betar and Melissa M. Sims, for appellee.

Before SCALES, C.J., and LOBREE, and GOODEN, JJ.

PER CURIAM.

Affirmed.  See State Farm Fla. Ins. Co. v. Xirinachs, 251 So. 3d 221, 222–23 (Fla. 3d DCA 2018) ("Based upon the facts and insurance policy in this case, the insured's failure to comply with their post-loss obligations relieved State Farm of any duties under the policy as to the supplemental claims sought by the insured."); State Farm Fla. Ins. Co. v. Hernandez, 172 So. 3d 473, 477 (Fla. 3d DCA 2015) ("Thus, a trial court reversibly errs by compelling appraisal before an insured has complied with his post-loss obligations."); First Home Ins. Co. v. Fleurimond, 36 So. 3d 172, 174 (Fla. 3d DCA 2010) ("We have held that the insured must meet all of the policy's post-loss obligations before appraisal may be compelled. This includes the obligation to submit to an EUO.") (internal citation omitted); U.S. Fid. & Guar. Co. v. Romay, 744 So. 2d 467, 469–70 (Fla. 3d DCA 1999) ("By these terms, the disagreement necessary to trigger appraisal cannot be unilateral. As expressly indicated in the parties' agreement, the failure to agree must be between the 'you' and the 'we.' In other words, by the terms of the contract, it was contemplated that the parties would engage in some meaningful exchange of information sufficient for each party to arrive at a conclusion before a disagreement could exist."); Stringer v. Fireman's Fund Ins. Co., 622 So. 2d 145, 146 (Fla. 3d DCA 1993) ("The failure to submit to an

2

examination under oath is a material breach of the policy which will relieve the insurer of its liability to pay.") (citation modified).