WARNER, J.
 

 Appellant Florida Insurance Guaranty Association (“FIGA”) appeals the non-final order denying its motion to compel an appraisal of property damage pursuant to its policy terms. The trial court denied the motion without explanation. We reverse, concluding that FIGA had properly raised and asserted its appraisal rights.
 

 Jorge and Helena Castilla timely filed an insurance claim with Florida Preferred Property Insurance Company (“PPI”), alleging that their home sustained damages when Hurricane Wilma struck in October 2005. PPI issued a check for the claim, which the Castillas found insufficient and objected. When PPI was liquidated and taken over by FIGA, the Castillas re-raised their claim with FIGA. FIGA in
 
 *704
 
 spected the property and denied the additional claim, determining that the damages were not caused by the hurricane. The Castillas hired their own appraiser who set the damages at $93,000.
 

 When FIGA did not accept the claim, the Castillas filed a complaint against FIGA for breach of the insurance contract in May 2008. The complaint alleged that they furnished FIGA with timely notice of loss and performed all conditions precedent to recover under the policy and the applicable Florida Statutes. FIGA refused to pay for the losses.
 

 FIGA filed a motion to dismiss, claiming that the Castillas had failed to fulfill their contractual obligations, listing the various policy provisions regarding the insureds’ duties after a loss. It also cited to the provisions permitting the appraisal process and reproduced portions of the insurance contract, including the appraisal terms. Two months after the complaint was filed, FIGA determined that the patio damage was a covered loss and told the Castillas that it would formally withdraw its previous denial of the claim. FIGA filed an amended motion to dismiss or abate the action, referencing its withdrawal of the claim denial and rearguing that the Castil-las failed to satisfy all conditions precedent, including the appraisal process. FIGA requested that the Castillas provide documentation to substantiate their claim and requested that they submit to an examination under oath. The trial court denied the motion to dismiss or abate, ordering FIGA to answer the complaint.
 

 In its answer, FIGA raised as an affirmative defense its right to appraisal pursuant to the terms and conditions of the insurance policy contract. The Castillas moved to strike the answer and affirmative defenses as a sham and argued that FIGA twice denied their claim without reserving any rights under the insurance policy. FIGA then filed a motion to compel appraisal pursuant to the insurance policy. FIGA contended that its denial of the claim did not constitute a waiver of its right to appraisal. The trial court held a hearing and denied the motion. FIGA appeals pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iv) (providing for review of non-final orders determining the entitlement of a party to appraisal under an insurance policy).
 

 In
 
 United Healthcare of Florida, Inc. v. Brown,
 
 984 So.2d 583, 585 (Fla. 4th DCA 2008), we articulated the applicable standard of review as follows:
 

 A trial court’s conclusions regarding the construction and validity of an arbitration agreement are reviewed de novo.
 
 BDO Seidman, LLP v. Bee,
 
 970 So.2d 869, 873-74 (Fla. 4th DCA 2007). “In reviewing the denial of a motion to compel arbitration, the trial court’s factual findings are reviewed under a competent, substantial evidence standard.”
 
 Id.
 
 at 873. However, our review of a trial court’s “application of the law to the facts found, is
 
 de novo.” Id.
 
 at 874. As the trial court made no findings of fact or law, we review the order
 
 de novo,
 
 applying the relevant law to the facts available in the record.
 

 Although
 
 United
 
 involved an arbitration clause, appraisal clauses are treated similarly to arbitration clauses.
 
 See Allstate Ins. Co. v. Suarez,
 
 786 So.2d 645, 646 (Fla. 3d DCA 2001). Therefore, we apply the same standard of review.
 

 The policy in question contained a clause requiring an appraisal of the amount of any claimed loss. FIGA asserted the right to an appraisal in its original motion to dismiss and in all subsequent pleadings and at hearings. It never waived its right to an appraisal.
 

 
 *705
 
 An appraisal clause may be invoked for the first time after litigation has commenced.
 
 See Gonzalez v. State Farm Fire & Cas. Co.,
 
 805 So.2d 814 (Fla. 3d DCA 2000). In
 
 Gonzalez,
 
 the homeowners filed suit after the insurer denied them claim on the ground that the loss was not covered under the policy provisions. The insurance company demanded an appraisal and submitted both causation of the loss and its amount to the appraiser. The appraiser and umpire decided that the causation was not compensable under the policy and appraised the loss at zero. The trial court entered judgment in favor of the insurance company on the report, and the homeowners appealed making one claim relevant to this case. They contended that State Farm had waived its right to an appraisal by not requesting it prior to suit and by participating in the litigation.
 

 The Third District rejected the homeowners’ position as without merit, finding that the policy did not require a presuit appraisal. The court noted, “It would make no sense to say that State Farm was required to request a presuit appraisal on a loss it had already refused to pay.”
 
 Id.
 
 at 817. It also rejected the claim that the insurance company had waived its right by participating in the litigation. Where the insurance company raised its right to an appraisal in its first pleading within thirty days of the filing of the complaint, it had made a timely demand.
 

 In
 
 Preferred Mutual Insurance Co. v. Martinez,
 
 643 So.2d 1101 (Fla. 3d DCA 1994), after the insureds and them insurance company could not agree on the amount of their insured loss, the insureds filed suit. The insurer filed a motion to dismiss and compel appraisal which the trial court denied. In reversing, the court held that the insurer had never acted inconsistently with its rights at any point in the proceeding, thus precluding waiver of the right. The court concluded, “Motions to compel arbitration should be granted whenever the parties have agreed to arbitration and the court entertains no doubts that such an agreement was made.”
 
 Id.
 
 at 1103.
 

 Similarly, in this case FIGA has never acted inconsistently with its right to an appraisal, having raised that right at the earliest opportunity in this suit and continued to claim it through its subsequent pleadings. Asserting that the insured meet all other conditions precedent to claiming a loss is not inconsistent with demanding an appraisal. Claiming that the loss is not covered is also not inconsistent with a demand for an appraisal.
 
 See Gonzalez.
 
 That the court compelled FIGA to answer and give discovery is not the voluntary participation in the lawsuit which would constitute a waiver of the insureds’ rights.
 

 Because the insurance contract provided the appraisal process, which agreement is not in doubt, and FIGA did not waive its right to an appraisal by participating in the lawsuit, the trial court erred in denying FIGA’s motion to compel the appraisal.
 

 Reversed and remanded to grant the motion and, compel the appraisal.
 

 GROSS, C.J., and CIKLIN, J., concur.