LEVINE, J.
 

 The issue presented is whether the trial court erred in finding that appellees were entitled to an appraisal pursuant to a homeowners’ insurance policy where coverage issues remained in dispute. We conclude that the appraisal was premature, and we reverse.
 

 Appellees purchased homeowners’ insurance from appellant in 2005. After sustaining damage during Hurricane Wilma, appellees filed a claim for reimbursement. Appellant paid that claim and closed the case. Two years later, appellees submitted a “supplemental claim” for damages discovered by a public adjuster. In response, appellant requested a sworn proof of loss, to be filed within ninety days, and examinations under oath. Appellees did not comply with the deadlines, and the late submission was, according to appellant, incomplete and inaccurate. Appellant denied the claim, concluding that the damages claimed were not in fact “supplemental” to the original damages. Appellants further claimed that appellees breached the contract by failing to comply with the proof of loss requirement, and appellees materially breached the policy.
 

 Appellees responded by filing a petition to compel an appraisal in the trial court. Without taking any evidence, the trial court concluded that the new claim was supplemental and that appellees had not materially breached the policy. The trial court ordered the parties to appraise the loss. Appellant claims that the trial court erred by holding, as a matter of law, that the new claims are covered by the policy.
 

 We review de novo a trial court’s order compelling an appraisal under an insurance policy.
 
 Fla. Ins. Guar. Ass'n v. Castilla,
 
 18 So.3d 703, 704 (Fla. 4th DCA 2009).
 

 
 *131
 
 In
 
 Johnson v. Nationwide Mutual Insurance Co.,
 
 828 So.2d 1021, 1025-26 (Fla.2002), the Florida Supreme Court recognized that coverage issues must be resolved before an appraisal of the amount of a loss is ordered. Issues of coverage are “for judicial determination by a court,” not the appraisal panel.
 
 Id.
 
 at 1026. Once the court establishes that the losses are covered by a policy, then those losses may be appraised.
 

 The parties dispute whether the claimed losses are covered by the policy and whether appellees complied with the policy requirements. Specifically, appellees claim that their compliance with the policy requirements was not necessary because appellant previously admitted coverage. Even if appellant did not admit coverage, appellees argue that they substantially complied with the requirements and should not be found in breach of the policy. By contrast, appellant claims it never admitted coverage and maintains that appellees’ compliance with the policy demands was insufficient.
 

 As this court has previously noted, where the “insured cooperates to some degree or provides an explanation for its noncompliance, a fact question is presented” regarding the necessity or sufficiency of compliance.
 
 Haiman v. Fed. Ins. Co.,
 
 798 So.2d 811, 812 (Fla. 4th DCA 2001) (citation omitted). Whether appellees’ compliance with the policy terms was necessary or sufficient is a dispute of fact. The trial court, without taking any evidence, did not resolve this dispute of fact with competent evidence to support its determination of coverage.
 

 Because the trial court must resolve all underlying coverage disputes pri- or to ordering an appraisal, we reverse and remand for further proceedings consistent with this opinion.
 

 Reversed and remanded.
 

 GROSS, C.J., and WARNER, J., concur.