RAMIREZ, C.J.
 

 Sunshine State Insurance Company appeals the trial court’s Order on Plaintiffs Motion to Compel Appraisal and to Abate the Action. We affirm because the trial court did not abuse its discretion when it allowed the appraisal to go forward while preserving all of Sunshine States’s rights to contest coverage as a matter of law.
 

 In
 
 Johnson v. Nationwide Mutual Insurance Company,
 
 828 So.2d 1021, 1025-26 (Fla.2002), the Florida Supreme Court adopted this Court’s holding in
 
 Gonzalez v. State Farm Fire and Casualty Company,
 
 805 So.2d 814 (Fla. 3d DCA 2000). In
 
 Johnson,
 
 the Court divided the issue of causation into two questions. If an insurer admits that there is a covered loss, the amount of which is disputed, the amount of loss question is for an appraisal panel.
 
 Id.
 
 at 1022. If an insurer denies that there is a covered loss, the issue of coverage is one for the trial court.
 
 Id.
 

 In the case before us, the insurer twice admitted there was a loss. Under the
 
 Johnson
 
 holding, the matter is thus ripe for appraisal.
 

 Moreover, it is the law in our district that the order in which the issues of damages and coverage are to be determined by arbitration and the court is left to the discretion of the trial court.
 
 See Paradise Plaza Condo. Assoc., Inc. v. The Reinsurance Corp. of New York,
 
 685 So.2d 937 (Fla. 3d DCA 1996). In
 
 Paradise Plaza,
 
 we recognized that putting the issue of coverage first before arbitration in ev
 
 *755
 
 ery case might have adverse effects on the expeditious, out of court disposition of litigation, which is the reason arbitration is a favored remedy.
 
 Id.
 
 It also saves “judicial resources which might otherwise be required in resolving the factual and legal issues involved in the [coverage issue] by a relatively swift and informal decision by the appraisers as to the amount of the loss.”
 
 Id.
 
 at 941. We thus follow
 
 Paradise Plaza
 
 and agree with its policy arguments in allowing the trial court to make the determination as to whether or not to allow the appraisal and coverage processes to move forward on a dual track basis.
 

 In addition, we do not find that
 
 Sunshine State Insurance Company v. Corridori,
 
 28 So.3d 129 (Fla. 4th DCA 2010) is on point because in
 
 Corridori,
 
 the insured did not provide the requested examinations under oath and sworn proof of losses as requested by the insurer. The trial court in
 
 Corridori
 
 took no evidence and did not consider the issue of coverage due to the insured’s failure to comply with the insurer’s request. In the case before us, however, the trial court specifically reserved the insurer’s non-causation defenses as a matter of law.
 

 Accordingly, we affirm the trial court’s Order on Plaintiffs Motion to Compel Appraisal and to Abate the Action. The trial court did not abuse its discretion in allowing the appraisal to go forward on a dual track basis, while preserving all of Sunshine States’s rights to contest coverage as a matter of law.
 

 Affirmed.