GERBER, J.
 

 An insurer appeals from a circuit court order granting the insured’s motion to compel an appraisal before the court re
 
 *178
 
 solved the parties’ underlying coverage dispute. The insurer argues that the order conflicts with our holding that a trial court “must resolve all underlying coverage disputes prior to ordering an appraisal.”
 
 Sunshine State Ins. Co. v. Corridori,
 
 28 So.3d 129, 131 (Fla. 4th DCA 2010). We agree and reverse.
 

 The insured argues that
 
 Corridori
 
 is distinguishable because there, the insurer denied coverage
 
 before
 
 the insured filed suit, whereas here the insurer denied coverage
 
 after
 
 the insured filed suit. According to the insured, the insurer’s failure to deny coverage before the insured filed suit constitutes a waiver of the insurer’s right to deny coverage.
 

 We disagree with the insured’s argument. “ Waiver is the intentional or voluntary relinquishment of a known right or conduct which warrants an inference of the relinquishment of a known right.’”
 
 Aberdeen Golf & Country Club v. Bliss Constr., Inc.,
 
 932 So.2d 235, 244 (Fla. 4th DCA 2005) (citation omitted). We see nothing in the record which suggests that the insurer intentionally, voluntarily, or inferentially relinquished its right to deny coverage. Rather, the insurer still was investigating the claim at the time the insured filed suit.
 

 The insured also argues that we should allow the appraisal to go forward while preserving the insurer’s right to contest coverage. In support, the insured relies on
 
 Sunshine State Ins. Co. v. Rawlins,
 
 34 So.3d 753 (Fla. 3d DCA 2010), in which the third district held that a circuit court did not abuse its discretion in allowing an appraisal to go forward on a “dual track” basis while preserving the insurer’s right to contest coverage as a matter of law.
 
 Id.
 
 at 755.
 

 We respectfully disagree with
 
 Rawlins’
 
 recognition of a dual-track approach. We appreciate the third district’s rationale that the dual-track approach may save “ ‘judicial resources which might otherwise be required in resolving the factual and legal issues involved in the [coverage issue] by a relatively swift and informal decision by the appraisers as to the amount of the loss.’ ”
 
 Id.
 
 (citation omitted). However, we believe that “[a] finding of liability necessarily precedes a determination of damages.”
 
 Engle v. Liggett Group, Inc.,
 
 945 So.2d 1246, 1262-63 (Fla.2006). We certify conflict with
 
 Rawlins.
 

 Reversed.
 

 MAY and DAMOORGIAN, JJ., concur.