TAYLOR, J.
Appellant, Citizens Property Insurance Corporation (“Citizens”), appeals a circuit court order granting the insureds’ motion to compel an appraisal. Because the trial court failed to resolve all underlying coverage disputes in a procedurally proper manner prior to ordering an appraisal, we reverse.
Citizens issued a homeowners’ policy to the insureds, Adrian and Elena Demetres-cu, for the period from December 15, 2009 to December 15, 2010. On August 31, 2010, the insureds reported a claim to Citizens for damage to their home and some of its contents as a result of a roof leak that occurred following a series of wind and rain events earlier that month. Citizens denied coverage, citing multiple policy provisions. Citizens repeatedly refused the insureds’ demands for an appraisal.
The insureds filed suit against Citizens for breach of contract and to compel an appraisal. Citizens answered the complaint, denied that the loss was covered, and asserted multiple affirmative defenses. Citizens relied upon policy provisions excluding coverage for, among other things, wear and tear, constant or repeated seepage or leakage of water over a period of 14 or more days, faulty or defective design or maintenance, neglect, and preexisting damage. Citizens also asserted that the insureds failed to comply with their post-loss duties under the policy. In their reply to Citizens’ affirmative defenses, the insureds claimed that Citizens was not prejudiced by any alleged deficiency in the insureds’ compliance with policy conditions and that Citizens had waived the right to raise, or should be estopped from raising, any such deficiency.
*502 After some discovery, the insureds filed a motion to compel appraisal. The trial court granted the motion and directed the parties to proceed to appraisal. In its written order, the trial court ruled that “water leaks are covered under the policy” and that Citizens’ “affirmative defenses dealing with specific exclusions under the policy are appropriate for appraisal as the defenses deal with the causation of the damages.” This appeal followed.
The standard of review applicable to a trial court’s order compelling an appraisal under an insurance policy is de novo. Fla. Ins. Guar. Ass’n v. Castilla, 18 So.3d 703, 704 (Fla. 4th DCA 2009).
In Johnson v. Nationwide Mutual Insurance Co., 828 So.2d 1021, 1022 (Fla. 2002), the Florida Supreme Court held that “causation is a coverage question for the court when an insurer wholly denies that there is a covered loss and an amount-of-loss question for the appraisal panel when an insurer admits that there is covered loss, the amount of which is disputed.” Coverage issues are “to be judicially determined by the court” and are “not subject to a determination by appraisers.” Id. at 1025.
Consistent with Johnson, we have held that the trial court must resolve all underlying coverage disputes prior to ordering an appraisal. See Sunshine State Ins. Co. v. Corridori, 28 So.3d 129, 131 (Fla. 4th DCA 2010). This is because a finding of liability necessarily precedes a determination of damages. See Citizens Prop. Ins. Corp. v. Mich. Condo. Ass’n, 46 So.3d 177, 178 (Fla. 4th DCA 2010) (rejecting Third District’s dual-track approach, which allows the appraisal to go forward while preserving the insurer’s right to contest coverage).
“Appraisal exists for a limited purpose — the determination of ‘the amount of the loss.’ ” Citizens Prop. Ins. Corp. v. Mango Hill 6 Condo. Ass’n, 117 So.3d 1226, 1230 (Fla. 3d DCA 2013). Proper procedure requires that coverage defenses be addressed “by motion for summary judgment or trial.” Id.
“Once the court establishes that the losses are covered by a policy, then those losses may be appraised.” Corrido-ri, 28 So.3d at 131. However, appraisal is premature where there is a disputed issue of fact regarding coverage and where the trial court fails to “resolve this dispute of fact with competent evidence to support its determination of coverage.” Id. Accordingly, in Corridori, we held that coverage issues remained in dispute, and thus appraisal was premature, where the trial court determined, without taking any evidence, that the insureds had not materially breached the policy. Id. at 130-31.
In this case, the trial court erred in submitting the case to appraisal without resolving all underlying coverage disputes. The trial court departed from controlling precedent when it ruled that “affirmative defenses dealing with specific exclusions under the policy are appropriate for appraisal as the defenses deal with the causation of the damages.” Because Citizens wholly denied that there was a covered loss, all coverage issues, including causation, were to be judicially determined by the trial court. See Johnson, 828 So.2d at 1022; Corridori, 28 So.3d at 131. Therefore, the applicability of any policy exclusions was a question for the court, not the appraisers. Here, the trial court never decided the applicability of any of the policy exclusions set forth in Citizens’ affirmative defenses.
The trial court’s ruling that “water leaks are covered under the policy” was overly broad, as it failed to address whether any policy exclusion precluded coverage for the *503 loss in this particular case. Nor has the trial court resolved issues surrounding the insureds’ post-loss duties, such as whether the insureds complied with the policy conditions, whether Citizens was prejudiced by any failure to comply with policy conditions, and whether waiver or estoppel precluded Citizens from raising any alleged deficiency in the insureds’ compliance with policy conditions.
Proper procedure requires that these coverage issues be resolved via summary judgment or at trial, not in a motion to compel appraisal. Counsel for the insureds improperly attempted to use the motion to compel appraisal as a vehicle for obtaining a ruling that the policy provided coverage, without moving for summary judgment under Florida Rule of Civil Procedure 1.510(c) or proceeding to trial on any genuine issues of material fact. To the extent that the trial court’s order found coverage for this particular loss, the trial court’s ruling is not supported by competent evidence, either in the form of summary judgment evidence or trial evidence. A finding of coverage under these circumstances was procedurally improper and violated due process.
Because the trial court failed to resolve all underlying coverage disputes in a procedurally proper manner prior to ordering an appraisal, we reverse the order compelling appraisal and remand for further proceedings.

Reversed and Remanded.

DAMOORGIAN, C.J., and LEVINE, J„ concur.