# Third District Court of Appeal

## State of Florida

Opinion filed August 4, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-833
Lower Tribunal No. 19-26682

_____

**Heritage Property & Casualty Insurance Company,**
Appellant,

vs.

**Virginia Gardens Condominium Association, Inc.,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Beatrice Butchko, Judge.

Rubinton & Associates, P.A., and Jeffrey A. Rubinton and Tiffany Rothenberg (Tampa); Link & Rockenbach, P.A., and Kara Rockenbach Link and David A. Noel (West Palm Beach), for appellant.

Alvarez, Feltman, Da Silva & Costa, PL, and Paul B. Feltman, for appellee.

Before LOGUE, SCALES and LINDSEY, JJ.

PER CURIAM.

Heritage Property and Casualty Insurance Company ("Heritage") appeals the trial court's May 20, 2020 order granting Virginia Gardens Condominium Association, Inc.'s ("insured") motion to compel appraisal. After conducting an evidentiary hearing on the insured's appraisal motion, the trial court rejected Heritage's principal argument that the insured's repair estimate did not evidence a disagreement on the scope of a covered loss, but, rather, constituted a supplemental claim. The trial court's conclusion that the insured did not make a supplemental claim is supported by competent, substantial evidence and the trial court's determination that the parties have a disagreement ripe for appraisal was correct as a matter of law; furthermore, the trial court did not abuse its discretion in permitting the appraisal to go forward while preserving Heritage's right to raise coverage defenses.[1] See Barbato v. State Farm Fla. Ins. Co., 46 Fla. L. Weekly D597, 2021 WL 1009274, at *1 (Fla. 3d DCA Mar. 17, 2021) ("Ordinarily, we review a trial court's order compelling appraisal de novo as to the application of the law to the facts, and review factual findings for competent, substantial evidence. However, we reiterate that 'we have left it to the trial court's discretion to decide 'the order in which the issues of damages and coverage are to be

---

[1] Heritage argued below that the insured forfeited coverage by lying on the subject policy's renewal application. We express no opinion as to the merits of this coverage defense.

determined by arbitration and the court.'' <u>Citizens Prop. Ins. Corp. v. Mango Hill Condo. Ass'n 12 Inc.</u>, 54 So. 3d 578, 581 (Fla. 3d DCA 2011) (quoting <u>Sunshine State Ins. Co. v. Rawlins</u>, 34 So. 3d 753, 754 (Fla. 3d DCA 2010)).") (citation omitted).

Affirmed.