DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**AMERICAN COASTAL INSURANCE COMPANY,**
Appellant,

v.

**HANSON'S LANDING ASSOCIATION, INC.,**
Appellee.

No. 4D21-1221

[December 1, 2021]

Appeal of nonfinal order from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Gary L. Sweet, Judge; L.T. Case No. 43-2019-CA-001509.

Patrick E. Betar, William S. Berk and Austin J. North of Berk, Merchant & Sims, PLC, Coral Gables, for appellant.

Christopher N. Mammel and Tamara Chen-See of Merlin Law Group, P.A., West Palm Beach, for appellee.

CONNER, C.J.

In this appeal regarding real property casualty insurance, we again confront the issue of whether appraisal was prematurely granted when coverage was "wholly denied" by the insurance company. American Coastal Insurance Company ("American Coastal") appeals the trial court's order granting appraisal, raising two issues: (1) whether appraisal was prematurely granted; and (2) whether the insured waived the right to appraisal by actively pursuing litigation maneuvers inconsistent with its motion to compel appraisal. To the extent that the trial court's order can be construed as a denial of American Coastal's appraisal waiver argument, we affirm the trial court's ruling on that issue without discussion.[1]

_____

[1] "Because appraisal exists only to determine the amount of loss, and not whether coverage exists, a party cannot seek appraisal until the insurer admits coverage (or until coverage is determined by the court). Consequently, a party cannot act inconsistently with the right to seek appraisal until that time." *Fla. Ins. Guar. Ass'n. Inc. v. Martucci*, 152 So. 3d 759, 761 (Fla. 5th DCA 2014) (citations

However, because we agree with American Coastal that appraisal was prematurely granted, we reverse and remand for further proceedings.

*Background*

Hanson's Landing Association, Inc. ("the Association"), a condominium complex, was insured by American Coastal when a hailstorm occurred in April 2015. In August 2017, the Association notified American Coastal that it was making a claim for damages caused by the hailstorm, purportedly after the Association became aware of the loss for the first time. Immediately after receiving the claim, American Coastal issued a reservation of rights due to the Association's delay in providing notice of the claim. Along with the reservation of rights, American Coastal sent a notice of the policy's post-loss obligations and conditions precedent to coverage. In addition to requiring prompt notice of a loss, the policy required the Association to permit inspection of its books and records, and an examination under oath.

As part of investigating the claim, American Coastal requested to inspect maintenance records, board meeting minutes, contracts and invoices for repairs, and records regarding any other insurance claims filed by the Association. It further asked the Association to confirm the damages claimed and the units affected by the storm. Additionally, American Coastal had the property inspected by its field adjuster, an engineer, and a roofer.

The engineer reported that his evaluation was affected by the passage of time between when the loss occurred and his inspection. The engineer found evidence of some hail damage, concluding that repairs were feasible for the roofs of the two-story structures in the development, but the three pool buildings and thirty carports needed roof replacements. Based on the engineer's report and his own inspection, American Coastal's independent field adjuster prepared an estimate with a replacement cost value of $1,165,334.

The Association's president testified during his examination under oath that he was not aware of any damage to the property, other than some landscaping and a few broken windows and skylights. In stark contrast,

---

omitted); s*ee also Williams v. Citizen Prop. Ins. Co.*, 285 So. 3d 334, 335 (Fla. 4th DCA 2019) ("An insured cannot seek appraisal until coverage is determined.")

the Association presented a $6,852,120 estimate for repairs prepared by a contractor. The estimate included replacement of all the roofs in the development. The Association did not provide documentation in support of the estimate.

Approximately seven months later, in August 2019, the Association submitted a revised claim for $18,278,455.08. Two months later, the Association produced engineering reports in support of the revised claim. As a result, the last of the reports requested by American Coastal from the Association to document the claim was produced over four years from the initial date of loss and two years after reporting the claim.

American Coastal denied coverage in its entirety. In denying the claim, American Coastal cited the Association's failure to comply with its post-loss obligations and conditions precedent to coverage. More specifically, American Coastal asserted that the Association breached the conditions precedent of: (1) providing prompt notice of loss or damage; (2) providing a description of the property being claimed as damaged promptly; and (3) providing all documents requested. Additionally, American Coastal cited the Association's violation of the concealment, misrepresentation, or fraud provision of the policy. That provision provided that coverage is void if, at any time, the insured intentionally conceals or misrepresents a material fact concerning a claim. American Coastal maintained that the revised claim was "grossly inflated," and that the manner in which the Association responded to requests for information suggested intentional concealment.

After the denial of coverage, the Association sued American Coastal for breach of contract and declaratory relief to enforce appraisal. American Coastal answered the complaint and raised affirmative defenses, including no coverage due to the Association's material breach of its post-loss obligations and conditions precedent, as well as the Association's violation of the concealment, misrepresentation, or fraud provision.

The Association filed a motion to compel appraisal. In response, American Coastal noted the fact that coverage was denied as a whole, and the Association acted inconsistently with its right to appraisal by actively participating in discovery.

The trial court held a hearing on the motion to compel appraisal. No evidence was presented at the hearing. The Association contended that the dispute was nothing more than a disagreement as to the amount of loss as evidenced by the fact that American Coastal's investigation confirmed the property was damaged by the hailstorm, despite American Coastal's denial of the claim based on late notice and appearance of

3

misrepresentation based on the numbers going up "radically." The Association further contended that it complied with its post-loss duties. In response, American Coastal argued that an appraisal cannot be ordered when there has been an outright denial of coverage. American Coastal also explained how the 2015 loss was not reported until 2017, and that it was not until 2019 that the Association provided its $18 million loss estimate. For those reasons, American Coastal denied there was any coverage available under the policy.

The trial court reserved ruling and later issued its written order granting the motion to compel appraisal without explanation of its reasoning. American Coastal gave notice of appeal.

*Appellate Analysis*

Our review of a trial court's order compelling an appraisal pursuant to an insurance policy is de novo. *Citizens Property Ins. Corp. v. Demetrescu*, 137 So. 3d 500, 502 (Fla. 4th DCA 2014).

Our supreme court has opined that "causation is a coverage question for the court when an insurer *wholly denies that there is a covered loss* and an amount-of-loss question for the appraisal panel when an insurer admits that there is covered loss, the amount of which is disputed." *Johnson v. Nationwide Mut. Ins. Co.*, 828 So. 2d 1021, 1022 (Fla. 2002) (emphasis added). "Consistent with *Johnson*, we have held that the trial court must resolve all underlying coverage disputes prior to ordering an appraisal." *Demetrescu*, 137 So. 3d at 502 (citing *Sunshine State Ins. Co. v. Corridori*, 28 So. 3d 129, 131 (Fla. 4th DCA 2010)). We have required that coverage disputes be resolved prior to appraisal "because a finding of liability necessarily precedes a determination of damages." *Id.*

American Coastal argues the trial court erred in granting appraisal after it denied liability for payment under the policy for two reasons: (1) the Association failed to comply with post-loss obligations and conditions precedent to coverage; and (2) American Coastal declared the policy was void due to the Association's violation of the policy's concealment, misrepresentation, or fraud provision. In other words, American Coastal contends it wholly denied coverage under the policy.

The Association argues the trial court properly ordered appraisal because: (1) the claim for hail damage is covered under the all-risk policy; (2) appraisal is a mandatory right under the policy; (3) the Association substantially complied with post-loss duties enabling investigation of the claim by American Coastal; and (4) based on the specific findings of

4

American Coastal's retained engineer, hail damage was still visible in 2017 from the 2015 hailstorm, and American Coastal was not prejudiced in its investigation even if the Association's notice of the damage was late. Additionally, the Association argues that American Coastal's post-loss affirmative defense of concealment, misrepresentation, or fraud raises a condition subsequent to the policy and is at its core simply a dispute as to the amount of loss.

We agree with American Coastal that appraisal was prematurely granted in this case. The facts of this case have a significant resemblance to the facts of *Corridori*. There, a claim for damage caused by Hurricane Wilma was submitted to the insurance company and paid not long after the hurricane passed. 28 So. 3d at 130. Two years later, a supplemental claim for damages discovered by a public adjuster was filed. *Id.* The insurer requested a sworn proof of loss with a time deadline. *Id.* The homeowners did not comply with the deadline, and the insurance company contended that the late submission was incomplete and inaccurate. *Id.* The insurer "denied the claim, concluding that the damages claimed were not in fact 'supplemental' to the original damages." *Id.* The insurer further claimed that the homeowners materially breached the policy by failing to comply with the proof of loss requirement. *Id.* We reversed the trial court's grant of appraisal, relying on *Johnson*. *Id.* at 131. We further concluded that the trial court prematurely ordered appraisal without a factual determination as to whether compliance with the policy provisions was necessary and whether the homeowners' partial compliance with the policy provisions was sufficient. *Id.* (citing *Haiman v. Fed. Ins. Co.*, 798 So. 2d 811, 812 (Fla. 4th DCA 2001)).

Like *Corridori*, there is a factual dispute in this case as to whether there is coverage under the policy because notice of the claim was untimely and because the Association failed to comply with policy requirements to provide requested information about the extent of the losses purportedly payable under the policy. Significantly, unlike *Corridori*, there is an additional factual dispute in this case as to whether coverage under the policy is void because the Association allegedly engaged in concealment, misrepresentation, or fraud in submitting its claim. As such, the factual dispute regarding coverage is more pronounced in this case than the facts in *Corridori*.

Because American Coastal has pled denial of coverage under the policy, and because the trial court must resolve the extent of coverage under the policy prior to ordering an appraisal, we reverse and remand for further proceedings consistent with this opinion.

*Affirmed in part, reversed in part, and remanded.*

WARNER and CIKLIN, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**