IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

AMERICAN COASTAL INSURANCE COMPANY,

      Appellant,

                              Case No.  5D21-1354
v.                            LT Case No. 05-2020-CA-042981


THE VILLAS OF SUNTREE HOMEOWNER'S
ASSOCIATION, INC.,

      Appellee.

_____/

Opinion filed June 3, 2022

Nonfinal Appeal from the Circuit Court
for Brevard County,
Curt Jacobus, Judge.

Lilian Rodriguez-Baz, Hope C. Zelinger,
and Samantha S. Epstein, of Bressler,
Amery & Ross, P.C., Fort Lauderdale, for
Appellant.

Matthew G. Struble, of Struble, P.A.,
Indialantic, for Appellee.

EDWARDS, J.

      Appellant, American Coastal Insurance Company ("ACIC"), appeals

the trial court's order granting Appellee's, The Villas of Suntree Homeowners

Association, Inc. ("Suntree"), motion to compel appraisal. This Court has jurisdiction. *See* Fla. R. App. P. 9.130(a)(3)(C)(iv). ACIC asserts that the trial court erred in ordering appraisal of Suntree's initial and supplemental claims before a coverage determination had been made. ACIC argues that it was unable to make a coverage determination because Suntree did not provide sufficient information regarding the supplemental claim. For the following reasons, we affirm.

## Background Information

### Initial Claim

ACIC issued a commercial insurance policy to Suntree, insuring various buildings and structures located at 1000 Villa Drive, Melbourne, Florida 32940 ("the Property"). After Hurricane Irma passed through the area in 2017, Suntree made a claim under the policy for damages the Property sustained. Suntree initially reported and made a claim for wind damage only to the roofs of certain buildings on the Property.

ACIC investigated the initial claim and on January 29, 2018, rendered an estimate of damages of $38,353.69, which did not exceed Suntree's aggregate deductible of $374,973.99. However, damage at one affected location on the Property did exceed the deductible applicable to that building. Accordingly, ACIC made an undisputed payment of $373.40 for wind

2

damage to the roof of that one building.  After that, until 2020, ACIC received no further claims, notices, or demands from Suntree, so it closed the claim file.

2020 Supplemental Claim

On February 14, 2020, Suntree, through its counsel, submitted another claim for damages allegedly caused by Hurricane Irma and provided the following to ACIC: (1) a sworn proof of loss claiming $3,125,787.84 in damages; (2) a damage estimate obtained by Suntree's public adjuster; (3) photographs of the Property; and (4) a hyperlink to an Adobe-based platform where 2,036 pages of materials supposedly related to the loss and claim could be viewed.  Suntree's 2020 proof of loss included additional claims of roof damage as well as claims of window and door damage, all caused by Hurricane Irma.

On March 17, 2020, ACIC responded to Suntree, stating that it had received the proof of loss but was unable to view the 2,036 pages of documents submitted via the hyperlink, claiming some problem or defect in the Adobe hyperlink itself.  Suntree's counsel responded by resubmitting the photographs and responsive documents with what appears to be the same Adobe hyperlink.

3

On April 17, 2020, ACIC responded to the claim submitted February 14, 2020. It tendered an additional payment of $738,568.63 to address Suntree's undisputed additional roof damages while advising that it was continuing to investigate the remainder of the 2020 claim for $3,125,787.84. On July 14, 2020, ACIC sent a second follow-up request seeking documentation in support of the 2020 claim. Two days later, Suntree's counsel abandoned the Adobe platform hyperlink and instead provided ACIC with a hyperlink to Dropbox that was confirmed to be functional.

ACIC was finally able to review all the materials referenced in the 2020 claim.[1] Later, ACIC claimed that it had not been provided with "other documents that it had requested" that were necessary to make a coverage determination. At the time, ACIC did not state what specific documents it still needed. In August 2020, Suntree's counsel responded that ACIC had sufficient documentation to make a determination on the window and door damage claims. ACIC disagreed, saying it could not make a coverage determination without the additional, still unspecified documents.

---

[1] In its briefs, ACIC repeatedly and incorrectly asserts that it never got access to the hyperlinked documents. However, Kevin Huff, ACIC's designated corporate representative, confirmed in his affidavit that once a working link was provided, the documents could be reviewed. Mr. Huff was apparently available to testify at the May 6, 2021 evidentiary hearing, but ACIC never actually called him to testify nor did ACIC proffer what his testimony would have been if he had testified.

In the fall of 2020, Suntree filed suit against ACIC alleging breach of contract and seeking to compel appraisal. Both sides demanded trial by jury of all issues so triable.[2] The trial court scheduled and conducted a hearing on Suntree's motion to compel appraisal. In advance of that hearing, both parties filed various affidavits, correspondence, and other documents which they stipulated could be considered as evidence by the trial court with no need for any live witness testimony. Following that hearing, the trial court granted Suntree's motion to compel and directed the parties to each select an appraiser and to proceed in accordance with the appraisal provisions of the policy. It is from that order that ACIC appeals.

## Analysis

"Before arbitration (or appraisal) under an insurance policy such as the one at issue here may be compelled, a disagreement, or 'arbitrable,' issue must be demonstrated to exist." *Citizens Prop. Ins. Corp. v. Mango Hill Condo. Ass'n 12*, 54 So. 3d 578, 581 (Fla. 3d DCA 2011). "No disagreement or arbitrable issue exists unless 'some meaningful exchange of information sufficient for each party to arrive at a conclusion' has taken place." *Id.* (citation omitted). "Thus, an 'insured must comply with all of the policy's post-

---

[2] We reject ACIC's claim that the order compelling appraisal denied it of the right to jury trial without further discussion.

5

loss obligations before the appraisal clause is triggered.'" *Id.* (citation omitted). In order to determine whether an insured has complied with the post-loss conditions under an insurance policy, a trial court is required to hold an evidentiary hearing. *Id.* at 582.

Here, an evidentiary hearing was held on May 6, 2021.[3] Instead of having witnesses testify and admitting documents into evidence, at ACIC's counsel's suggestion during the evidentiary hearing, both parties stipulated that the documents attached to Suntree's motion and ACIC's response would be evidence for the court to consider. Although the trial court's order made no explicit factual findings on whether Suntree had complied with its post-loss obligations, the order compelling appraisal implicitly determined sufficient compliance as it was rendered after the evidentiary hearing during which it entertained argument from both parties on that issue. The trial court was presented with competent substantial evidence that would support a finding that Suntree had sufficiently documented its claim in accordance with the insurance policy to permit the appraisal to be sufficiently ripe to go forward.

---

[3] During the hearing, ACIC's counsel stated, "Your Honor, I know that this is, obviously, an evidentiary hearing."

We reject ACIC's argument that the trial court was obligated to make and include specific fact findings within its order compelling appraisal. Generally, a trial court's order must contain explicit factual findings only when mandated by statute or a rule of procedure. *See, e.g.*, *In Int. of K.W.*, 234 So. 3d 835, 836 (Fla. 2d DCA 2018) (requiring factual findings set forth by dependency statute); *Fulmer v. Fulmer*, 961 So. 2d 1081, 1082 (Fla. 1st DCA 2007) (requiring factual findings set forth by equitable distribution statute); *Salazar v. Hometeam Pest Def., Inc.*, 230 So. 3d 619, 621 (Fla. 2d DCA 2017) (requiring factual findings for a temporary injunction under Florida Rule of Civil Procedure 1.610). For appraisal, there do not appear to be any statutes or rules of civil procedure requiring a trial court to make explicit factual findings, and ACIC has not called our attention to any.

ACIC also argues that it was improper for the trial court to grant appraisal on Suntree's 2020 supplemental claim when ACIC had yet to make a coverage determination and prior to a judicial coverage determination.

There is a disagreement amongst the district courts on the sequence in which a trial court should resolve appraisal and coverage issues, as explained by the Second District in *American Capital Assurance Corp. v. Leeward Bay at Tarpon Bay Condominium Ass'n*, 306 So. 3d 1238 (Fla. 2d DCA 2020). The Second and Third Districts have adopted a "dual-track

7

approach," which gives a trial court discretion on the order in which the issues of damages and coverage are to be determined. *Id.* at 1242 (citing *Sunshine State Ins. Co. v. Rawlins*, 34 So. 3d 753, 754 (Fla. 3d DCA 2010)). On the other hand, the Fourth District has held that a trial court must resolve all underlying coverage disputes prior to ordering an appraisal where the insurer wholly denies coverage. *Id.* (citing *Citizens Prop. Ins. Corp v. Demetrescu*, 137 So. 3d 500, 502 (Fla. 4th DCA 2014); *Citizens Prop. Ins. Corp. v. Mich. Condo. Ass'n*, 46 So. 3d 177, 178 (Fla. 4th DCA 2010)).

It does not appear that we have previously taken a position on what order the issues of coverage and damages need to be addressed. As far as the proper sequence for the determination of coverage and damages issues, this Court has simply held that appraisal is appropriate where an insurer did not wholly deny coverage of the disputed claim. *See Underwriters at Lloyd's, London v. Sorgenfrei*, 278 So. 3d 930, 931 (Fla. 5th DCA 2019); *First Protective Ins. Co. v. Colucciello*, 276 So. 3d 456, 458 (Fla. 5th DCA 2019). Here, ACIC has not denied coverage; rather, it asserts that it was unable to reach a coverage decision because of Suntree's alleged failure to provide documents.

The dual-track approach, however, is only available once the trial court determines a demand for appraisal is ripe. *Leeward Bay,* 306 So. 3d at 1242

("We note that '[o]nce the trial court determines that a demand for appraisal is ripe, the court has discretion to control the order in which an appraisal and coverage determinations proceed.'" (quoting *Citizens Prop. Ins. Corp. v. Admiralty House, Inc.* 66, So. 3d 342, 344 (Fla. 2d DCA 2011))).

ACIC has not pointed to any language in the insurance policy that dictates in what sequence determination of coverage and appraisal must proceed. Under these circumstances, we find no error or abuse of discretion in the trial court essentially employing a dual-track approach in this case by granting the motion to compel appraisal before deciding coverage issues. Although not explicitly stated in its order, it is apparent that the trial court found that Suntree's demand for appraisal was ripe based upon the court's implied conclusion that Suntree had sufficiently complied with its post-loss obligations in terms of providing documentation and information. Therefore, the dual-track approach, when utilized here, would permit the appraisal to go forward while still permitting ACIC the ability to raise and litigate any coverage defenses should it chose to contest coverage.

AFFIRMED.

EVANDER, J., concurs.
EISNAUGLE, J., concurs in result, with opinion.

9

EISNAUGLE, J., concurring in result with opinion.

I agree that we must affirm the order on appeal. There may well be error in the proceedings below, but any error was either inadequately argued on appeal or is unpreserved. Therefore, I would affirm because ACIC has failed to demonstrate error.

## Ripeness

For instance, ACIC's argument that the demand for appraisal is not ripe, as framed in the argument section of the initial brief, is based on a factual representation that ACIC never received a working hyperlink for the responsive documents. Yet, as the majority observes, ACIC's own corporate representative swore by affidavit that ACIC was eventually able to access the documents. ACIC's argument fails to even acknowledge this fact, let alone explain why appraisal is not ripe in light of this admission.

## Dual-Track versus Single-Track

Similarly, ACIC argues that the trial court abused its discretion when employing a dual-track procedure but does not base this argument on any statute or the policy's language. Instead, ACIC invites this court to choose one track over the other, apparently for all cases in this district, based on

public policy considerations. I agree with the majority that this public policy argument is without merit.

### Entitlement to an Evidentiary Hearing

Finally, ACIC argues that the trial court erred when it entered the order without "considering the evidence" and "refused [ACIC's] proffer of evidence, including the testimony of [ACIC's] [c]orporate [r]epresentative." This argument is improperly inserted in the middle of ACIC's argument that the trial court failed to make factual findings. *See Fell v. Carlin*, 6 So. 3d 119, 120 n.1 (Fla. 2d DCA 2009) ("[I]n order to obtain appellate review, alleged errors relied upon for reversal must be raised clearly, concisely, and separately as points on appeal. Therefore, we do not decide this issue." (citations omitted)).

However, even if we were to consider this as a stand-alone argument, it finds little support in the transcript. While ACIC argued at times that an evidentiary hearing was required, ACIC also confusingly represented to the trial judge that the parties were present that day for an evidentiary hearing.

Yet, ACIC never actually attempted to call the corporate representative to testify, nor did ACIC make a proffer on the dispositive issues on appeal. Instead, counsel offered to call the corporate representative "[t]o the extent

11

that the Court needs additional information besides what is in our motion and represented."

Ironically, at one point during the hearing, ACIC's counsel even invited the trial court to consider the various affidavits and documents filed by the parties for purposes of deciding the motion—stating that calling witnesses was not necessary to introduce these documents. Given these unexplained and seemingly conflicting positions at the hearing, ACIC's brief fails to establish error on this ground.

In sum, ACIC has failed to demonstrate error on appeal, and we must affirm. *See State v. Town of Sweetwater*, 112 So. 2d 852, 854 (Fla. 1959) ("It is an elemental principle of appellate procedure that every judgment, order or decree of a trial court brought up for review is clothed with the presumption of correctness and that the burden is upon the appellant in all of such proceedings to make error clearly appear."); *Lynn v. City of Fort Lauderdale*, 81 So. 2d 511, 513 (Fla. 1955) ("It is elementary that when a decree of the trial court is brought here on appeal the duty rests upon the appealing party to make error clearly appear. An appellant does not discharge this duty by merely posing a question with an accompanying assertion that it was improperly answered in the court below and then dumping the matter into the lap of the appellate court for decision." (citation

omitted)); *Polyglycoat Corp. v. Hirsch Distribs., Inc.*, 442 So. 2d 958, 960 (Fla. 4th DCA 1983) ("When points, positions, facts and supporting authorities are omitted from the brief, a court is entitled to believe that such are waived, abandoned, or deemed by counsel to be unworthy. Again, it is not the function of the Court to rebrief an appeal.").