# Third District Court of Appeal

## State of Florida

Opinion filed October 18, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D2022-1489
Lower Tribunal No. 21-23917
_____

**Heritage Property & Casualty Insurance Company,**
Appellant,

vs.

**Century Park Condominium No. 2 Association, Inc.,**
Appellee.

An appeal from a non-final order from the Circuit Court for Miami-Dade County, Pedro P. Echarte, Jr., Judge.

Rubinton Simms P.A., Lesley Simms, Jeffrey A. Rubinton (Hollywood), Link & Rockenbach, P.A., David A. Noel, and Kara Rockenbach Link (West Palm Beach), for appellant.

Florida Advocates, Christopher Tuccitto, James D. Underwood, and Yasmin Gilinsky (Dania Beach), for appellee.

Before FERNANDEZ, SCALES, and MILLER, JJ.

MILLER, J.

In this Hurricane Irma-related lawsuit, appellant, Heritage Property & Casualty Insurance Company, challenges an order compelling the appraisal of a claim filed by appellee, Century Park Condominium No. 2 Association, Inc. The trial court ordered the unresolved coverage determination and appraisal to proceed on a dual-track basis. Consistent with our decision in Sunshine State Ins. Co. v. Rawlins, 34 So. 3d 753 (Fla. 3d DCA 2010), we impute no abuse of discretion in this approach. The trial court preserved the insurer's defenses to coverage, while simultaneously paving the way for a relatively expeditious and cost-effective decision as to the amount of loss. Id. at 754–55; see also Paradise Plaza Condo. Ass'n v. Reinsurance Corp. of N.Y., 685 So. 2d 937, 941 (Fla. 3d DCA 1996) (concluding dual-track approach avoids "adverse effects on the expeditious, out of court disposition of litigation" and saves "judicial resources which might otherwise be required in resolving the factual and legal issues involved in [coverage disputes]"); Castle Key Ins. Co. v. Wooden Fam. Tr., 321 So. 3d 346, 347 (Fla. 1st DCA 2021) ("[The] motions were reasonable under the circumstances, [and the] participation in the litigation did not imply a voluntary and intentional relinquishment of [a] contractual right to compel an appraisal . . . ."); Fla. Ins. Guar. Ass'n v. Branco, 148 So. 3d 488, 494 (Fla. 5th DCA 2014) (noting that lawsuit to establish coverage after coverage has been denied is not action

2

inconsistent with right to appraisal because appraisal need not be sought prior to litigation).  Accordingly, we affirm the order under review.

Affirmed.