# Supreme Court of Florida

————————

No. SC2021-0883

————————

**AMERICAN COASTAL INSURANCE COMPANY,**
Petitioner,

vs.

**SAN MARCO VILLAS CONDOMINIUM ASSOCIATION, INC.,**
Respondent.

February 1, 2024

GROSSHANS, J.

In this case, we consider whether a trial court can compel an appraisal of an insured's loss prior to resolving any pending coverage issues. The Second District Court of Appeal, in the decision under review, affirmed an order compelling appraisal even though coverage issues remained. *Am. Coastal Ins. Co. v. San Marco Villas Condo. Ass'n, Inc.*, 346 So. 3d 78, 79 (Fla. 2d DCA 2021). Based on that outcome, the district court certified direct conflict with three decisions of the Fourth District Court of Appeal, which held that a trial court errs in compelling appraisal without

first resolving all coverage issues. *See Citizens Prop. Ins. Corp. v. Demetrescu*, 137 So. 3d 500, 502 (Fla. 4th DCA 2014); *Citizens Prop. Ins. Corp. v. Mich. Condo. Ass'n*, 46 So. 3d 177, 178 (Fla. 4th DCA 2010); *Sunshine State Ins. Co. v. Corridori*, 28 So. 3d 129, 131 (Fla. 4th DCA 2010). For the reasons explained below, we approve the Second District's decision and disapprove the certified conflict cases to the extent they are inconsistent with this opinion.[1]

## Facts

American Coastal issued a commercial residential policy to Respondent San Marco Villas Condominium Association, Inc., a condominium complex located on Marco Island. That policy covered the complex's buildings against a number of perils, including hurricanes or other windstorms. While the policy was in full force and effect, Hurricane Irma made landfall near Marco Island. San Marco's buildings sustained some damage from the storm.

Soon after the hurricane, San Marco submitted a claim to American Coastal. After some investigation, American Coastal

---

1. We have jurisdiction. *See* art. V, § 3(b)(4), Fla. Const.

- 2 -

determined San Marco's losses to be $356,208.82.  It proceeded to pay $192,629.75 to San Marco, an amount which reflected depreciation and application of policy deductibles.

Not satisfied with that payment, San Marco obtained an estimate of its own.  That estimate showed damages in excess of eight million dollars.  Noting the divergent estimates of the damage caused by Hurricane Irma, San Marco demanded an appraisal pursuant to a provision in the policy, which states:

> ### E. Loss Conditions
> . . . .
> **2.** Appraisal.  If we and you *disagree* on the value of the property or *the amount of loss,* either may make written demand for an appraisal of the loss.  In this event, each party will select a competent and impartial appraiser.  If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction.  The appraisers will state separately the value of the property and amount of loss.  If they fail to agree, they will submit their differences to the umpire.
>
> A decision agreed to by any two will be binding.  Each party will:
>
> **a.** Pay its chosen appraiser; and
>
> **b.** Bear the other expenses of the appraisal and umpire equally.
>
> If there is an appraisal, *we still retain our right to deny the claim.*

(Emphasis added.)

American Coastal refused to submit to appraisal. It reasoned that an appraisal at that point was premature as its investigation was still ongoing.

Ultimately, San Marco sued American Coastal and asked the court to compel appraisal. Thereafter, American Coastal wrote a letter to San Marco. In that letter, American Coastal said that it was denying coverage based on a policy condition that voids coverage when the insured commits fraud or makes material misrepresentations about the insurance. After issuing that letter, American Coastal filed a response to San Marco's motion to compel. It argued to the court that appraisal was inappropriate because it had denied coverage as a whole based on the fraud-misrepresentation condition in the policy. American Coastal also filed an answer, which included affirmative defenses and a counterclaim. Its counterclaim and one affirmative defense relied on the fraud-misrepresentation condition and sought the return of its payment to San Marco.

Eventually, the court held a hearing on San Marco's appraisal motion. Siding with San Marco, the court entered an order

compelling appraisal. American Coastal appealed that ruling. But the Second District affirmed, relying on *American Capital Assurance Corp. v. Leeward Bay at Tarpon Bay Condominium Ass'n*, 306 So. 3d 1238 (Fla. 2d DCA 2020) (affirming order compelling appraisal in separate case). *See San Marco Villas*, 346 So. 3d at 79. As it had done in *Leeward Bay*, the district court certified conflict with *Demetrescu, Michigan Condominium Ass'n*, and *Corridori. See id.*

Having lost in the district court, American Coastal asked us to review the Second District's decision. We granted that request and accepted review based on the certified conflict.

**Analysis**

American Coastal argues that we should quash the decision under review and hold that a trial court is precluded as a matter of law from ordering an appraisal where an insurer has wholly denied coverage. Assessment of this argument turns on the proper interpretation of the parties' contract, which is a legal matter subject to de novo review. *See First Baptist Church of Cape Coral, Fla., Inc. v. Compass Constr., Inc.*, 115 So. 3d 978, 980 & n.4 (Fla. 2013).

- 5 -

Here, the applicable contract is an insurance policy. That policy establishes an informal out-of-court dispute resolution process known as appraisal. *Cf. Fla. Ins. Guar. Ass'n v. Branco*, 148 So. 3d 488, 491 (Fla. 5th DCA 2014) (noting that appraisal is creature of contract); *NCI, LLC v. Progressive Select Ins. Co.*, 350 So. 3d 801, 807-08 (Fla. 5th DCA 2022) (discussing appraisal process). Under American Coastal's policy, each party has the right to demand an appraisal where there is a disagreement as to the "amount of loss." "Loss" in the insurance context "refers to damage resulting from a covered event." *BonBeck Parker, LLC v. Travelers Indem. Co. of Am.*, 14 F.4th 1169, 1178 (10th Cir. 2021) (looking to both legal and nonlegal dictionaries in defining "loss").

In this case, there is a disagreement over the amount of loss caused by Hurricane Irma, a peril that American Coastal does not contest is covered under the policy. San Marco claims to have suffered over eight million dollars in losses from the hurricane. On the other hand, American Coastal contends that San Marco's losses are drastically less—characterizing San Marco's loss figures as grossly inflated and the product of numerous misrepresentations. Accordingly, since there is an amount-of-loss dispute, the terms of

the policy give San Marco a contractual right to an appraisal of that loss.

Having concluded that San Marco has a contractual right to appraisal, we now consider whether the trial court had authority to order appraisal without first ruling on American Coastal's coverage defense and counterclaim, i.e., that San Marco made material misrepresentations about its losses, which operated to void the policy. Put more generally, we must determine whether trial courts have discretion to compel appraisal pursuant to the parties' contract before resolving coverage issues.

To decide this issue, we again turn to the policy—the legal document establishing the right to appraisal. Although the policy does not contain a provision directly governing the issue of timing, it does include a retained-rights provision that speaks to this issue. That provision gives the insurer the "right to deny [a] claim" even "[i]f there is an appraisal." *Cf. State Farm Fire & Cas. Co. v. Licea*, 685 So. 2d 1285, 1288 (Fla. 1996) (interpreting retained-rights provision as allowing an insurer to raise—following appraisal—coverage issues like "violation of the usual policy conditions such as *fraud*, lack of notice, and failure to cooperate" (emphasis added)).

By its terms, this retained-rights provision contemplates appraisals occurring prior to resolution of coverage issues. Thus, in light of the retained-rights provision and absent policy language controlling the issue of timing, we hold that a trial court has discretion in determining the order in which coverage and amount-of-loss issues are resolved.

Based on this analysis, we reject American Coastal's argument that we should adopt the inflexible coverage-first rule applied in the certified conflict cases. Those cases do not justify that rule based on any particular policy provisions, let alone a retained-rights provision like the one in this case. In addition to lacking textual support, those cases misread our decision in *Johnson v. Nationwide Mutual Insurance Co.*, 828 So. 2d 1021 (Fla. 2002), as supporting the coverage-first rule. For instance, in *Corridori*, the Fourth District said that *Johnson* stood for the proposition "that coverage issues must be resolved *before* an appraisal of the amount of a loss is ordered." 28 So. 3d at 131 (emphasis added). But that is not what we said or decided in *Johnson*. There, we held that causation is not an amount-of-loss issue where coverage is wholly denied—ultimately finding that causation in that case presented a legal

issue for the court. *Johnson,* 828 So. 2d at 1025-26. Because there was no amount-of-loss issue present in *Johnson,* we had no occasion to address the proper sequence for resolving concurrent coverage and amount-of-loss issues. *Cf. Leeward Bay,* 306 So. 3d at 1241 ("*Johnson* did not hold that the trial court had to resolve coverage issues *before* compelling appraisal."). Lastly, as for *Michigan Condominium,* its reliance on *Engle v. Liggett Group, Inc.,* 945 So. 2d 1246, 1262-63 (Fla. 2006), was misplaced. Quite simply, *Engle* had nothing to do with appraisal or interpretation of an insurance policy.

Our rejection of American Coastal's coverage-first rule aligns with decisions from other jurisdictions. For example, in *BonBeck Parker,* a federal appeals court observed that, following appraisal, an insurer can raise coverage issues like whether the insured " 'intentionally conceal[ed] or misrepresent[ed] . . . material facts' when filing the claim." 14 F.4th at 1179-80 (alterations in original). As support for this determination, the court relied on a retained-rights provision similar to the one in this case. *Id.* at 1180 ("Travelers ultimately did not raise these defenses after the Panel issued its decision in this case. But the point is that they remained

- 9 -

available to Travelers, even after the Panel determined how much hail damage occurred. And because they did, Travelers 'retain[ed] [its] right to deny the claim.' " (citing *Licea*, 685 So. 2d at 1288)); *accord Walnut Creek Townhome Ass'n v. Depositors Ins. Co.*, 913 N.W.2d 80, 94 (Iowa 2018) (insurer could raise policy exclusion in court following appraisal); *Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 100 F. Supp. 3d 1099, 1103-04 (D. Colo. 2015) (rejecting argument that insurer would be prejudiced from raising coverage issues following appraisal process); *Quade v. Secura Ins.*, 814 N.W.2d 703, 708 (Minn. 2012) (coverage issues to be decided in court following appraisal).

Our analysis should not be interpreted to mean that appraisals will be required in all first-party insurance disputes. Under the terms of American Coastal's policy, the contracted-for right to appraisal is triggered when there is a dispute as to the amount of loss. All other disputes—including those involving coverage or legal matters—are beyond the scope of appraisal and must be decided in court. *See Licea*, 685 So. 2d at 1287 (coverage issues to be decided in court); *Axis Surplus Ins. Co. v. Condor Corp.*, 19 F.4th 1062, 1064 (8th Cir. 2021) ("If the question here

were *solely* about whether hail is a covered peril . . . , then th[is] would be [a] 'legal question[] for the court.' " (quoting *Quade*, 814 N.W.2d at 707)).  Consequently, an appraisal panel would lack authority to decide whether San Marco made misrepresentations sufficient to warrant voiding the policy under the fraud-misrepresentation condition.  That coverage issue would be for a judge or jury to decide.  However, the existence of a coverage dispute based on allegations of fraud or material misrepresentations does not preclude a concurrent amount-of-loss issue when the parties also disagree about the amount of damage caused by a covered event.[2]

---

2.  As an alternative argument, American Coastal claims that allowing appraisal first would result in prejudice to its coverage defense, which seeks to void the policy based on the fraud-misrepresentation condition.  We disagree.  It is true that, under the appraisal provision, the amount-of-loss determination will be binding.  But as we see it, nothing in the appraisal provision (or process) limits the evidence that the insurer could present in support of its fraud-misrepresentation affirmative defense or counterclaim.  And to the extent that American Coastal's concern is that the appraisal panel's loss figure would weaken its affirmative defense or counterclaim, that concern is speculative and overlooks the safeguards built into the appraisal process.  Moreover, American Coastal provides no authority that a contractual provision can be bypassed simply by asserting this type of prejudice.

In sum, we conclude that trial courts have discretion in determining the order in which coverage and amount-of-loss issues are resolved. American Coastal, though presenting a myriad of arguments, has not challenged the trial court's exercise of that discretion based on the facts and circumstances unique to this case. Accordingly, we do not take it upon ourselves to consider whether the trial court's decision to defer resolution of coverage issues until after appraisal was an abuse of discretion.

## Conclusion

For the reasons given above, we approve the decision under review and disapprove the certified conflict cases to the extent they are inconsistent with this opinion.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, FRANCIS, and SASSO, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal Certified Direct Conflict of Decisions

Sixth District - Case No. 6D23-9

(Polk County)

Patrick E. Betar and Illon R. Kantro of Berk, Merchant & Sims, PLC, Coral Gables, Florida,

for Petitioner

W. Wyndam Geyer, Jr., Andy Fuxa, and Jeremy Tyler of Geyer, Fuxa & Tyler, Sunrise, Florida; and John H. Pelzer of Greenspoon Marder LLP, Fort Lauderdale, Florida,

for Respondent